[No. 16014. Department One. January 8, 1921.]

NEAL W. GILL, *Appellant*, v. C. B. PARRY *et al.*, *Respondents.*[1]

INFANTS (14)—CONTRACTS—REPUDIATION—ESTOPPEL. Under Rem. Code, § 5294, providing that a minor cannot disaffirm his contracts where on account of his own misrepresentations or having engaged in business, the other party has good reason to believe him capable of contracting, a minor is estopped from denying liability where he had accumulated $800, made his own contracts, collected his own wages and did his own banking, and the other party had no reason to believe that he was a minor.

Appeal from a judgment of the superior court for King county, Hall, J., entered April 29, 1920, upon find-

[1]Reported in 194 Pac. 797.

ings in favor of defendant, in an action for money paid, tried on the merits to the court. Affirmed.

*J. E. McGrew,* for appellant.

*Hartman & Hartman,* for respondent Northwestern Trust & Savings Bank.

*Jones, Riddell & Brackett,* for respondent Hosner.

BRIDGES, J.—C. B. Hosner and W. O. Hinkley each owned an undivided one-half interest in a garage in the city of Seattle. Hinkley, desiring to leave the city, employed respondent Cole, doing business as the Reliable Investment Company, to find a purchaser for his one-half interest. The appellant, Neal W. Gill, seeing in the newspapers an advertisement concerning the sale of this one-half interest, called at the office of the Investment Company for the purpose of investigating the proposition. There he first met with the defendant C. B. Parry, who was in the employment of the Investment Company, and after talking the proposition over, Parry and Gill visited the garage in question. The next day Gill again visited the garage. Gill agreed to purchase Hinkley's undivided one-half interest for $850. Hosner had no interest in the transaction except that Hinkley had given him authority to sell and collect the purchase price. Gill, being without much cash, was desirous of disposing of two liberty bonds, each of the face value of $500, for the purpose of raising money to pay the purchase price of the garage. These bonds were registered in Gill's name and belonged to him. He signed them and turned them over to Cole. They then went together to the respondent, Northwestern Trust & Savings Bank, at Seattle, for the purpose of disposing of the bonds. The result was that the bank purchased them for $931 and turned the money over to Cole, who deposited the same to his own account in an-

other bank and gave Gill his check for $81, being the balance between the purchase price of the garage and the amount of money received for the bonds.

Gill was given a bill of sale to the one-half interest he had purchased and later he caused it to be filed and recorded in the auditor's office of King county.

After working around the garage for about a month, Gill claimed that he had been defrauded because of various misrepresentations made by Parry, Cole and Hosner, and sought to repudiate the deal he had made and to recover from the bank the bonds he had sold to it, or the value thereof. At the time of this transaction, Gill was a minor, being nineteen or twenty years of age. He lived with his mother in Seattle, but for a long time prior to this transaction he had been employed in various occupations in the states of Oregon and Washington, and had accumulated something like $800 out of his wages, with which (his mother adding a small amount thereto) he had purchased the above mentioned bonds. He made his own contracts of employment and collected his own wages, paid his own expenses and did his own banking. He testified that he had told Parry, Cole and Hosner that he was under age; but Cole and Hosner denied this statement, and each testified that he had assumed throughout the transaction that Gill was of age. It appears that Parry was not served with process and did not appear as a party or witness.

The chief misrepresentation charged in the testimony was that Parry, the agent and employee of the Investment Company, and Cole had represented to Gill that the garage was making about $12 a day clear, when, as a matter of fact, it was not making that sum or any amount clear. There is also some testimony to the effect that the property was not worth more than one-half as much as Gill had paid for it, or as Parry and Cole had represented to him it was worth.

Gill seeks to recover on two distinct grounds: (1) on account of fraud and misrepresentation, and (2) on account of his minority.

As to the bank, it appears that the sale of the bonds was the usual business transaction and the bank was not told, nor had it any information to the effect, that Gill was a minor. It knew, of course, that the bonds were or had been his property because they were registered in his name. But the testimony shows, and the trial court so found, that Gill signed these bonds and delivered them over to Cole before they went to the bank, and that the latter purchased the bonds of Cole and paid him therefor. It had no transactions whatsoever directly with Gill.

While it is the general rule that infants may avoid their contracts, our statute has considerably mellowed the rigorous common law rules in this regard. Section 5293, Rem. Code, provides for disaffirmance by a minor of contracts made by him, and § 5294, provides that:

"No contract may be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party has good reasons to believe the minor capable of contracting."

It thus appears that, for several reasons, the minor is not entitled to any relief from the respondent bank.

Nor is there anything to show that he is entitled to any relief from the respondent Hosner. The latter was in no wise interested in any part of the transaction except to act as agent for Hinkley in transferring the title to his interest in the garage to any purchaser and receive the sale price. The testimony wholly fails to show that he made any representations to Gill concerning the property, except that Hinkley was the owner of the undivided one-half interest being sold. Nor does the

testimony show that Hosner knew or had reason to believe that Gill was a minor. What we have already said about the minor disaffirming his contract applies to his transaction with Hosner.

Nor can there be any recovery against Cole or the Investment Company. It is true, the minor testified that he told Parry, Cole's agent, and Cole that he was a minor, but this is denied and the trial court found with Cole in this regard. In fact, the court expressly found that all the defendants believed that Gill was capable of making a contract. There was ample proof to support these findings, and we will not interfere with them. What we have said before concerning this minor disaffirming his contract applies to respondents Cole and the Investment Company. It follows that Gill cannot disaffirm on account of his minority.

But he claims that Parry and Cole told him that the garage was making twelve dollars per day clear, and that they represented to him that the half-interest he was buying was worth all he was paying for it, and he claims these representations were false. But Cole denied that these representations were made, and in addition sought to show that, if made, they were true. The trial court found with Cole on all these questions. He found that there had not been any misrepresentations or fraud, and that the property was actually worth what was paid for it. There was ample proof to support these findings.

A careful reading of the testimony convinces us that the court was right when it refused to permit any recovery. Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, FULLERTON, and PARKER, JJ., concur.