[No. 19166.  *En Banc.*  November 24, 1925.]

PERRY THOSATH, *by his Guardian ad Litem Elene Thosath, Respondent,* v. TRANSPORT MOTOR COMPANY, *Appellant.*[1]

INFANTS (13, 14)—CONTRACTS—ESTOPPEL—REPUDIATION.  It is error to submit the issue of a minor's repudiation of his contract to the jury, under Rem. Comp. Stat., § 5830, providing that no contract can be disapproved where, on account of his own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party has good reason to believe him capable of contracting; where it is undisputed that he misrepresented his age in a written statement (FULLERTON, MAIN, and MITCHELL, JJ., dissenting).

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 23, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover money paid by a minor. Reversed.

*Lund & Dodds,* for appellant.

*Harold M. Gleeson,* for respondent.

HOLCOMB, J.—This action is to recover the sum of $240, paid by Perry Thosath, a minor, as a first pay-

[1]Reported in 240 Pac. 921.

ment on the purchase price of a second hand automobile, purchased by him from appellant under a conditional bill of sale. He asked judgment, also, for repairs alleged to have been placed upon the automobile while in his possession, amounting to $117.75. On a trial to a jury, a verdict was returned for $269. The trial judge reduced the recovery to $240, and rendered judgment therefor. Motions for judgment n. o. v., and in the alternative for a new trial, were overruled.

In the complaint, respondent relied both upon deceit and false representations as to the value and condition of the automobile when sold, and the voidability of the contract on account of the minority of the purchaser; but, on submitting the case to the jury, the trial judge held that respondent could not rely upon both grounds of rescission, and required respondent to elect. Respondent then elected to stand upon the minority of the purchaser, upon which the case was submitted to the jury on that issue alone, of which respondent does not complain.

In submitting the case to the jury the trial judge, among others, gave the following instruction:

"And in order to determine whether defendant's agent had good reasons to believe that the minor was capable of contracting at the time, you should also take into consideration the appearance of the minor at the time of entering into this contract, and any and all other circumstances which surrounded the making of the contract at the time in question, in order to determine that question of fact."

The record shows that a contract was first entered into between the minor and appellant on May 24, 1924, for the exchange of an Oakland sedan car, owned, as the minor said, by himself and his brother, which had not been fully paid for by them to the Eldridge-Buick

Company of Spokane, from whom they had bought it. That company declined to allow that car to be exchanged, and it was turned back to that company, and a new contract was then entered into between the minor and appellant by the terms of which it was agreed that $450 in cash should be paid upon the signing of the contract, and the balance of the purchase price payable in installments commencing June 24, 1924, and ending May 24, 1925. This contract was signed by appellant and by the minor personally. At the time the first contract was entered into, the minor signed a written statement on May 24, 1924, which statement contained among others the following representations:

"That, in order to secure credit from the Transport Motor Company and induce them to purchase any purchase money obligation which may be executed by me in connection with such credit, I make the following representations: Full name, Perry Henery Thosath; Race, American; Age, 22; Residence address, 1107 24 Ave.; Business address, Buick; Monthly income, $90; Business address, 1302 W. Second; Have you owned a motor vehicle before? Yes; If bought on time, through whom? Eldridge-Buick."

This was filled in, apparently, entirely in the handwriting of the minor, and signed by him. He admitted filling in all but the $90, and signing it. No payments were made on the car purchased, and after about three months, appellant repossessed itself of it.

While there is a conflict in the evidence given by the minor and several witnesses for appellant as to whether the minor twice orally stated to the agents of appellant that he was of age, he does not controvert that the manager of appellant asked him if he was twenty-one years of age once, and that he did not reply, but stood silent. This was before the first contract was entered into. He admitted, however, that he might have told the manager in the presence of three other

witnesses at that time that he was twenty-one, and that he was married. As a matter of fact, he was married shortly thereafter, in June. The evidence is uncontroverted that the minor was born September 26, 1905, and was, therefore, under nineteen years of age at the time of the contract.

The only error argued here by appellant to reverse the judgment is that the court erred in denying its motion for judgment n. o. v., and that the trial court should have decided, as a matter of law, that the minor could not disaffirm his contract and recover the first payment on the automobile.

The contention of respondent is that, notwithstanding any and all representations, oral and written, made by the minor, it was a question of fact to be decided by the jury as to whether appellant had good reason to believe that the purchaser was an adult. In this connection, it is contended that, since the minor was present before the jury, he was the same as an exhibit, and he might not have looked like more than fifteen years old, and the jury had a right to pass upon that circumstance.

It is then contended by respondent that a judgment n. o. v., could only be granted when the court could say, as a matter of law, that there was neither evidence nor reasonable inference from evidence sufficient to sustain the verdict; citing *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166; *Auwarter v. Kroll*, 79 Wash. 179, 140 Pac. 326, and *Mattson v. Griffin Transfer Co.*, 90 Wash. 1, 155 Pac. 392.

Appellant relies chiefly upon the statute which reads:

"No contract can thus be disaffirmed in cases where, on account of the minor's own misrepresentation as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe

the minor capable of contracting." Rem. Comp. Stat., § 5830.

As to the statute, respondent contends that it is merely a statute of estoppel, and that all the elements of estoppel must exist. Respondent then asserts that the issue of fact still remains for the jury to determine as to whether the "other party had good reason to believe the minor capable of contracting," since he was personally present before the jury.

Notwithstanding the fact that the minor was a sort of exhibit before the jury in his own person, it is known to everyone that the appearance of a person as to his age is often very deceptive. All know that many persons who appear to be under twenty-one years of age are older, and *vice versa*. In this case, the minor solemnly represented that he was one year more than of age.

Appellant also cites and quotes from *Gill v. Parry*, 114 Wash. 19, 194 Pac. 797, insisting that it is decisive of this case. In that case, a minor, nineteen or twenty years of age, living with his mother, attempted to avoid a contract on the ground of minority, which was not permitted by the trial court, trying the case without a jury, nor by this court. Not all the elements going to show the appearance of adulthood by previous career in independent business affairs, and the right to rely upon the contractor having reached his majority in that case, appear in this. In that case, the minor had for some time made his own contracts of employment, collected his own wages, paid his own expenses, and did his own banking. In that case, the minor testified that he told the other party to the contract that he was not of age. In this case, the minor first declared that he stood silent when asked if he were of age, subsequently admitting that he may have said he was of age, an admission that completely offsets his denial.

In his written statement, he declared that he was twenty-two years of age. This was certainly a positive misrepresentation and intended to deceive.

It must be noted that the statute dealing with such cases contains two alternatives: the first, "no contract. can thus be disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority," and second, "*or* from his having engaged in business as an adult;" the statute then continuing by providing that, in either such case, the other party has good reason to believe the minor capable of contracting.

In the *Gill* case, *supra,* the second alternative for estoppel precluding the minor from disaffirming his contract existed, even conceding the truth of his own testimony that he told the other party that he was *not* of age. In this case, the first ground of estoppel existed, by undisputed and incontrovertible evidence— that of the written statement of the minor that he was twenty-two years of age.

It appears to us that the facts are conclusive against respondent under the first clause of the statute, and there is no evidence, nor inference from evidence, justifying the submission of the case to the jury on the fact as to his misrepresentation of his age under that clause. As to that fact, under the first clause of the statute, it is much stronger than the *Gill* case, *supra.*

We are, therefore, convinced that there was no issue of fact for the jury, and the judgment is reversed with instructions to dismiss the action.

TOLMAN, C. J., ASKREN, PARKER, and MACKINTOSH, JJ., concur.

FULLERTON, J. (dissenting)—Under the common law, with certain exceptions not necessary here to notice, a person under legal age has not the capacity to bind

himself absolutely by contract. 31 C. J. 1058. All such contracts are voidable. Ib. 1060. The disaffirmance of such a contract by the minor makes it void *ab initio,* and avoids all rights thereunder. *Plummer v. Northern Pac. R. Co.,* 98 Wash. 67, 167 Pac. 73, 7 A. L. R. 104.

The foregoing principles are, of course, subject to statutory modification, and our statute has made such a modification. The purport of the statute sufficiently appears in the quotation found in the majority opinion. It will be observed that the statute does not declare that a minor may not disaffirm his contract merely because he has made misrepresentations as to his majority when entering into it, or merely because he has engaged in business as an adult, but declares that he may not so disaffirm when and only when, because of his misrepresentations or conduct, the other party to the contract has good reason to believe the minor capable of contracting. That the limitation is a wise one, it would seem there could hardly be room for doubt, for otherwise it would be within the power of a designing person to despoil a minor of his estate, even though the minor be of tender years. There is, therefore, in every instance where a minor seeks to disaffirm his contract because of his minority a question of fact involved; the question whether the representations and conduct of the minor were of such a character as to lead a reasonably prudent person to believe that the minor when he entered into the contract had reached the age of majority. With all due respect to the majority, I submit that this is a question for the trier of the fact. In this state a litigant has the constitutional right in legal actions to have the facts of his cause determined by a jury. In the case before us the respondent availed himself of that right, and I further submit that this court cannot reverse the findings of

the jury on the question of fact involved without an unwarranted usurpation of its powers.

I am not sure that I understand the precise ground upon which the majority rest their conclusion. In one part of the argument it seems to be maintained that the minor is estopped by his conduct from asserting his minority, and in another it is said that "there is no evidence nor inference from evidence justifying submitting the cause to the jury." But if it is intended to rest the decision on either or both of these grounds, it is in my opinion equally untenable. As I have pointed out, neither the common law nor the statute estops a minor from repudiating his contract because he has made misrepresentations as to his age or is engaged in business as an adult at the time he enters into it. At the common law he was not estopped under any condition save only on contracts for necessaries, and under the statute he is estopped only when his representations and conduct are of such a nature as to lead the other party to believe he is capable of contracting; that is to say, leads the other party to believe that he has reached the age of majority. The fact alone that he has made misrepresentations, or has engaged in business as an adult, does not work that result. And, if this be true, it must necessarily follow that there are both "evidence and inference from evidence" to sustain the findings of the trier of the fact.

The case of *Gill v. Parry*, 114 Wash. 19, 194 Pac. 797, has no bearing on the question here involved. As pointed out in the majority opinion, neither party to that cause invoked the constitutional right of trial by jury. The action was tried in the lower court without the intervention of a jury, and by the express terms of the statute the trial court's findings on the question of fact were reviewable in this court. It was proper, therefore, for this court to discuss the facts, and proper

for it to reach the conclusion that the minor had led the other party to believe that he was capable of contracting. But here the situation is the reverse of this. The minor did invoke his right of trial by jury, and under the constitution and under all of our decisions, their findings on the question of fact are conclusive on this court.

It may be thought that I have unnecessarily labored the question involved, but my excuse is that I believe the holding of the majority not only a departure from sound principles, but a departure from our previous holdings in like and similar cases.

In my opinion, the judgment should be affirmed.

MAIN and MITCHELL, JJ., concur with FULLERTON, J.