[No. 20894.   Department One.   March 9, 1928.]

Z. S. STONE, *by his Guardian ad litem L. Stone, Appellant,* v. GEORGE KNUTZEN *et al., Respondents.*[1]

[1] INFANTS (14)—CONTRACTS—REPUDIATION.   Under Rem. Comp.
Stat., § 5830, a minor cannot disaffirm a contract on the ground
of infancy, where, from his appearance and representations,
the other contracting party was led to believe that he was
capable of making a contract.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered June 1, 1927, upon findings in favor of the defendants, in an action for money paid, tried to the court. Affirmed.

*R. V. Welts,* for appellant.

*C. J. Henderson,* for respondents.

FRENCH, J.—Appellant brought this action against respondents to recover the sum of $563.50, which he claimed to have paid upon an automobile purchased from respondents on a contract; seeking to disaffirm and rescind the contract of purchase on the ground and for the reason that, at the time the contract was entered into, he was a minor.

[1] The facts found by the trial court show that the automobile was purchased about the middle of June, 1925, the full purchase price being a little over $900; that the initial payment was made by turning in a Ford car at an agreed price of $400, the balance of the purchase price to be paid in monthly instalments; that, because of default in subsequent payments, the contract was forfeited by respondent and that thereafter this action was commenced; that appellant failed to return all of the property taken; that the value of the property not returned was approximately fifty dollars; that at the time the contract was entered into

¹Reported in 265 Pac. 161.

appellant represented himself to be more than twenty-one years of age; that he appeared to be more than twenty-one years of age; that at the time of trial appellant appeared to be at least twenty-five years of age; that prior to the date of this transaction appellant had been working at least a portion of the time, and going to school part of the time; that he and his father maintained a joint bank account; that the appellant had drawn checks on this account for more than a year prior to the date of the purchase of the automobile in question in this case; that the Ford car delivered by appellant as first payment on the contract in the instant case had been purchased by appellant on conditional sales contract and paid for by him; and determined generally that, prior to the date of the contract in question, appellant had transacted and engaged in business as an adult, and that the respondents had good reason to believe and did believe that he was capable of contracting as an adult, and entered a judgment of dismissal, and this appeal follows.

Rem. Comp. Stat., § 5830 [P. C. § 583], reads:

"No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party has good reasons to believe the minor capable of contracting."

There is abundant evidence in the record to sustain the court's findings of fact. The trial court saw the appellant and was in far better position to state whether or not his representations as to his age, taken in conjunction with his appearance generally, were calculated to induce in the mind of the respondent the belief that appellant was capable of contracting on his own account.

In *Gill v. Parry*, 114 Wash. 19, 194 Pac. 797, this court said:

"While it is the general rule that infants may avoid their contracts, our statute has considerably mellowed the rigorous common law rules in this regard. . . . the court expressly found that all the defendants believed that Gill was capable of making a contract. There was ample proof to support these findings, and we will not interfere with them."

So in this case, there is involved nothing but questions of fact, and all essential facts have been found against the appellant by the trial court.

The judgment will be affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.