## Lucetta M. Corey v. Charles S. Burton and another.

*Infancy: Chattel mortgage: Executory contract: Affirmance.* A chattel mort-
   gage given by an infant to secure the payment of money borrowed for a
   business enterprise is, so far as the right to enforce it by taking posses-
   sion and making sale is concerned, only an executory contract, and,
   whether absolutely void or only voidable, cannot be made binding by any
   act of affirmance while the infancy continues.

*Infancy: Chattel mortgage: Disaffirmance: Restoring consideration.* A ruling
   in a replevin suit brought by the infant while yet a minor to recover
   possession of chattels taken from her by virtue of such a mortgage, that
   she cannot disaffirm the contract made by the mortgage without first
   restoring the consideration, is held erroneous.

*Infancy: Voidable contract: Affirmance: Majority: Estoppel.* The ground
   on which it is held that one who by means of a voidable contract made
   in his infancy has obtained possession of property-which he retains on
   coming of age may not disaffirm the contract and at the same time retain
   the benefit derived from it, is, that his conduct after he has reached the
   age of discretion has precluded his relying upon an infant's privilege, and
   what he may have done previously cannot bind him either by way of con-
   tract or of estoppel.

*Heard April 20 and 21.    Decided April 27.*

Error to Barry Circuit.

*Wright & Holbrook,* for plaintiff in error.

*C. G. Holbrook* and *William Burgher,* for defendants in error.

COOLEY, J:

The circuit court put this case to the jury under instruc-
tions, in substance, that an infant who borrows money for a

business enterprise, and gives a chattel mortgage to secure the payment thereof with interest, cannot disaffirm this contract without restoring the consideration received therefor, which, in this case, would be the money borrowed. The judge appears to have regarded the mortgage as an executed contract, which was only to be disaffirmed on placing the parties *in statu quo*.

This view was erroneous. The mortgage, so far as the right to enforce it by taking possession and making sale was concerned, was only an executory contract, which the mortgagor promised to perform by the payment of the sum borrowed. Whether it was actually void or only voidable is immaterial in this case, as this suit was brought before the infant reached her majority, and no question of affirmance can be made. If the circuit judge was correct in his instructions, the privilege of infancy is absolutely without avail in every case of a voidable contract where the infant is not in position to restore such consideration as he may have received for it. If he borrows money and improvidently disposes of it, as the law from his want of discretion presumes he may do, this very indiscretion which the law endeavors to shield and protect, becomes the means of fastening the imperfect obligation irrevocably upon him, and his inability to refund what he has borrowed affirms his contract to repay it with interest. It is needless to say that there is no privilege and no protection in any such rule.

There is no reason why one who by means of a voidable contract made in his infancy has obtained possession of property which he retains on coming of age, should be allowed to disaffirm the contract and at the same time retain the benefit derived from it. In such a case, if he retains the property, he is justly held to affirm the contract.—*Lawson v. Lovejoy, 8 Me., 405; Boyden v. Boyden, 9 Met., 519; Cresinger v. Welch, 15 Ohio, 156; Boody v. McKenney, 23 Me., 517; Robbins v. Eaton, 10 N. H., 561; Aldrich v. Grimes, Ib., 194; Armfield v. Tate, 7 Ired., 258;*

*Deason v. Boyd, 1 Dana, 45; Delano v. Blake, 11 Wend., 85; Cheshire v. Barrett, 4 McCord, 241.* But this is on the ground that his conduct after he has reached the age of discretion has precluded his relying upon an infant's privilege; what he may have done previously can bind him neither by way of contract nor of estoppel. Nor can the mere fact that property purchased by him remains undisposed of at the time of his coming of age make the previous promise to pay for it binding upon him, unless he has in some unequivocal manner dealt with it as his property after that time. —*Smith v. Kelley, 13 Met., 309.* See *Minock v. Shortridge, 21 Mich., 304,* where this general subject is considered, and the principles above laid down affirmed.

In this case the lender of the money sought to enforce his mortgage by seizing the property while the mortgagor was still under age. The mortgagor replevied it, and the court held in effect that the mortgagee in the replevin suit was entitled to judgment for the amount which the mortgage assumed to secure. Thus the contract which confessedly was at least voidable has been enforced against this infant, though she neither had affirmed it, nor as yet reached the age when affirmance by her was practicable. This was erroneous, and the judgment must be reversed with costs, and a new trial ordered.

We have said nothing in this case concerning disputed questions of fact, as the manner in which the case was put to the jury renders all such questions on this record immaterial.

The other Justices concurred.