JACOB WIDRIG, BY NEXT FRIEND v. LESTER B. TAGGART.

*No recoupment against infant for breach of contract.*

Recoupment is, in effect, a cross-action; and it cannot be enforced against one who, like an infant, could not be compelled by an independent action to respond for damages.

Adults who contract with infants do so at their own risk, as they are bound by their contracts while infants are not.

Error to Eaton. (Hooker, J.) June 7.—June 20.

Assumpsit. Defendant brings error. Affirmed.

*Cobb & Ely* for appellant. Recoupment may be had against an infant suing for the value of his services : *Moses v. Stevens* 2 Pick. 332 ; *Thomas v. Dike* 11 Vt. 273 ; *Howie v. Lincoln* 25 Vt. 210 ; *Judkins v. Walker* 17 Me. 38 ; *Vehue v. Pinkham* 60 Me. 142.

*Geo. W. Mead* for appellee. In an infant's action for the value of his services no deduction can be made for his own breach of the contract of employment : *Whitmarsh v. Hall* 3 Den. 375 ; *Derocher v. Continental Mills* 58 Me. 217 ; *Robinson v. Weeks* 56 Me. 102 ; *Vent v. Osgood* 19 Pick. 575 ; *Gaffney v. Hoyden* 110 Mass. 137 ; *Meeker v. Hurd* 31 Vt. 642 ; *Dallas v. Hollingsworth* 3 Ind. 537 ; *Meredith v. Crawford* 34 Ind. 399 ; *Ray v. Haines* 52 Ill. 485 ; *Kearney v. Doyle* 22 Mich. 294.

GRAVES, C. J. The plaintiff, a minor of the age of nineteen, labored as a farm hand for defendant from the last of March until the early part of July, a space of eighty-five days, and brought this action to recover for the service. The defendant had previously paid him $45. The jury found in his favor, and allowed him $5.87, and the defendant brought error to this Court.

At the trial the defendant proposed to recoup damages by

showing that the labor sued for was performed under an express contract with the plaintiff to serve for seven months at $17.50 per month, and that he quit during the term and just before harvest; but the court ruled out the defense. The plaintiff admitted he was not entitled to recover at as high a rate as $17.50 per month; and the circuit judge told the jury that the measure of recovery would be what the services were worth at that season, after bearing in mind that the value might be less than in case the labor had been extended or continued through the summer. The value found by the jury was at the rate of $15.50 per month,—a sum less than the lowest value in the evidence. We discover no error.

The plaintiff, in consequence of his infancy, was not compellable to pay damages for withdrawing from his contract engagement. Recoupment is, in substance and effect, a cross-action, and unless the party whom it is attempted to subject to it could be compelled to respond for the damages by an independent action against him, he cannot be reached by recoupment; and such was the position of the plaintiff.

Persons who contract with minors must understand that they do so at the risk of greater or less disadvantage. The adult binds himself, but the infant does not. And the law has not found it possible to maintain these conditions of inequality, and at the same time secure to the adult the same measure of remedial right which obtains where both parties are of full legal capacity.

The judgment must be affirmed with costs.

The other Justices concurred.