WILLIAM M. BARNEY v. JAMES C. RUTLEDGE.

*Infants—Chattel mortgage—Estoppel.*

1. A chattel mortgage given by a minor, whether void or voidable, is not enforcible as against the mortgagor during his minority;[1] citing *Corey v. Burton,* 32 Mich. 30.

2. A minor mortgaged a horse belonging to his father, as also one purchased by himself, to secure the purchase price of the latter horse. Prior to the purchase the father had informed the mortgagee that his son had a horse similar to the one owned by the mortgagee; that the son wanted to get a team, and would give the mortgagee a good deal for his horse if he would sell it. When the mortgage became due the father refused to surrender his horse, and it was seized under the mortgage, and the father replevied it. And it is held that there is nothing in the evidence to justify a finding that the father is estopped from asserting title to his horse.

Error to Alpena. (Kelley, J.) Submitted on briefs February 13, 1895. Decided March 5, 1895.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*I. S. Canfield* (*C. E. Williams,* of counsel), for appellant.

*J. Cavanagh* (*J. D. Turnbull,* of counsel), for plaintiff.

LONG, J. Plaintiff's minor son gave a chattel mortgage to George Stubbs for $60, covering two horses. One of these horses was purchased from Stubbs by the son, and the chattel mortgage was given to secure the purchase money. When the mortgage became due, Stubbs took

---

[1] As to necessity of returning consideration in order to disaffirm infants' contracts, see *Englebert v. Pritchett,* 26 L. R. A. 177; and note.

possession of the horse sold by him, and demanded the other horse covered by the mortgage. The horse at that time was in the possession of the plaintiff, who refused to surrender it. Stubbs placed the mortgage in the hands of the defendant, a constable, and directed him to take the horse under it. The defendant took the horse on the mortgage, and the plaintiff brought replevin. On the trial of the replevin suit in the circuit, the court directed verdict and judgment in favor of plaintiff.

On the trial the plaintiff showed his title to the horse under a purchase from Mr. Schram. He also showed that, at the time the chattel mortgage was given, his son, who gave it, was a minor, and had not at the time of the commencement of the action attained his majority. Mr. Stubbs was sworn as a witness in his own behalf, and testified substantially as follows:

"I met the plaintiff at a camp where I was picking berries. I had my pony with me, and plaintiff inquired if I owned the pony. He said his son had one about like that, and would give me a mighty good deal. He stated that his son had a pony of about the same color and of about the same weight, and wanted to get a little team; that the son had a piece of land, and he would give me a good deal for that pony if I would sell it."

Witness was then asked what the son said about this horse (the one in controversy). This was objected to and excluded.

The court, in directing verdict for plaintiff, stated that there was no question to go to the jury, as the mortgage was void, and created no right in Stubbs to the horse. It is now contended by the defendant:

1. That the plaintiff was estopped from setting up his title.
2. That the court was in error in holding the mortgage void.

3. That the court was in error in directing verdict for the plaintiff.

We think it does not matter whether the mortgage was void or only voidable. The mortgagor was a minor at the time of its execution, and had not attained his majority at the time of the commencement of this suit. As against the mortgagor, Mr. Stubbs had no right to enforce it. *Corey v. Burton,* 32 Mich. 30. He did receive back his own horse, which was voluntarily surrendered to him. The horse in controversy at the time the constable sought to take it was in the possession of the plaintiff. He took the horse against plaintiff's objection. It clearly appears that the plaintiff was the owner of the horse, and we see nothing in the evidence which would have justified the jury in finding the plaintiff estopped from asserting title. There is no testimony showing or tending to show that plaintiff knew or had reason to believe that his son was intending to deal with the horse in question as his own, or to give security upon it if he purchased the horse from Stubbs, or that Stubbs intended to take a mortgage upon the horse in controversy.

Judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.