[No. 14046.    Department One.    August 22, 1917.]

W. H. PLUMMER *et al.*, *Appellants*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

INFANTS—CONTRACTS—REPUDIATION. A minor, before coming of age, may repudiate his contract with attorneys to prosecute an action for personal injuries, and his application for the appointment of a general guardian and the making of an independent settlement sufficiently indicates his intention to repudiate the contract.

SAME—CONTRACTS—NECESSARIES. Such contract cannot be sustained on the theory that it was for necessaries, as the minor is liable only for the reasonable value of necessaries furnished.

SAME—CONTRACTS—REPUDIATION — EFFECT. The disaffirmance of such a contract by a minor makes it void *ab initio*, and avoids assignments of rights thereunder.

SAME—GUARDIAN AD LITEM—AUTHORITY TO CONTRACT FOR LEGAL SERVICE. A guardian *ad litem* of a minor has no authority to contract to pay attorneys fifty per cent of the recovery for personal injuries sustained by the minor, the amount of their compensation being a question to be determined by the court.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 20, 1916, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Plummer & Lavin*, for appellants.

*Cannon & Ferris* and *F. J. McKevitt*, for respondent.

CHADWICK, J.—On March 19, 1914, Lester Walsh, a minor fourteen years of age, while working in one of respondent's

[1]Reported in 167 Pac. 73.

section gangs under his father as section foreman, was injured in his right eye so that he lost the sight thereof. At the time of the injury, he was living with his parents in the town of Snohomish, Washington. On March 10, 1916, in company with his mother, he went to Spokane to attend his grandmother's funeral. While in Spokane, at the suggestion of an uncle and in his company, the minor went to appellants' law offices, appellants being practicing attorneys in Spokane, and talked over with them the matter of his claim for damages against respondent railway company. He placed the case in their hands and signed a contract with appellants agreeing to pay them one-half of any sums that might be recovered from respondent by suit or settlement, and also assigned an undivided one-half interest in such sums to appellants. At the instance of appellants and with the consent of the minor, one John H. Pelletier was appointed guardian *ad litem* of the minor for the purpose of instituting suit against respondent on the minor's claim for damages on account of his injury. Pelletier, as such guardian *ad litem,* executed the same contract with appellants as that previously signed by the minor. Neither the contract signed by the minor nor the one signed by the guardian *ad litem* was submitted to the court for its approval. Immediately thereafter appellants brought suit against respondent on the minor's claim, in the superior court of Spokane county.

A few weeks later, the minor returned to his parents' home in Snohomish. Through the efforts of his father and the respondent's claim agent, a settlement was effected. The minor's father was appointed general guardian by the superior court of Snohomish county and was authorized to make a settlement with respondent, the court being advised of the pendency of the action in Spokane county. By the settlement $1,700 was paid over to the general guardian, $100 of which was paid to the attorney who represented the minor and his guardian in the settlement, and $100 was sent to appellants in payment of their services. This amount they re-

fused to accept, and thereafter instituted suit against respondent for $1,700. From a judgment in respondent's favor, they have appealed to this court.

Appellant contends that the contract with the minor for the prosecution of the damage case was valid and that its validity could only be questioned by the minor, and was not available to the respondent, who is not a party to it; that such agreement acted as an assignment of a part of the claim and an interest in the amount to be paid him, and which was paid him; that the contract between the guardian *ad litem* and the appellants was valid, and that the damage case was in the exclusive control of the guardian *ad litem* until he was removed; that, as soon as the unliquidated claim for damages of the minor against the respondent became reduced to an account stated, prior to the appointment of the general guardian, plaintiffs' claim of lien and assignment instantly attached to that fund and created an obligation on the part of the railroad company to pay to appellants the amount due under the assignment by the minor, of which it had notice; that the respondent's agreement to pay the minor and to assume the burden of settling with appellants obligated respondent to pay to appellants a sum equal to the sum paid the minor.

There is no question but that a minor may repudiate his contracts before majority. In this case, we think that the acts of the minor in applying for the appointment of a general guardian and making an independent settlement with respondent sufficiently indicate his intention not to be bound by the contract previously made with appellants.

"An infant may avoid his act or contract by different means according to the nature of the act and the circumstances of the case, but it may be laid down as a general rule that any act showing unequivocably a renunciation of or a disposition not to abide by the contract made during minority is sufficient to avoid it." 22 Cyc. 612.

Appellants contend that the employment of attorneys in this case comes under the head of "necessaries." There is

considerable authority to that effect. However, even if we regard the legal services of appellants as necessaries, it does not follow that the contract made with them is binding. The correct rule is stated in 14 Ruling Case Law, page 255.

"It is, however, inaccurate, strictly speaking, to say that the infant's contract, if for necessaries, is valid and binding upon him. The more accurate statement is that he is liable to pay the reasonable value of such necessaries as he has purchased or received; or, as it is sometimes expressed, he is liable on an implied contract, but not on the express contract which he has made."

The infant having elected to disaffirm the contract, it became void *ab initio* and appellants acquired no rights thereunder or under the purported assignment contained therein. It is possible that appellants would be entitled to recover a reasonable compensation from the infant for their services, but that question is not before us.

There are cases where the contract of a guardian *ad litem* to pay the attorneys fifty per cent of the amount recovered has been carried into effect. But this has not been done on the theory that the guardian *ad litem* had authority to make such a contract, but on the theory that the compensation therein provided was reasonable. *Ryan v. Philadelphia & Reading Coal & Iron Co.*, 189 Fed. 253; *Hanlon v. Wheeler* (Tex. Civ. App.), 45 S. W. 821; *Elk Valley Coal Mining Co. v. Willis & Meredith*, 149 Ky. 449, 149 S. W. 894.

The weight of authority is to the effect that a guardian *ad litem* has no power to enter into such a contract as the one in this case. *Cole v. Superior Court*, 63 Cal. 86, 49 Am. Rep. 78; *Houck v. Bridwell*, 28 Mo. App. 644; *In re Hart*, 131 App. Div. 661, 116 N. Y. Supp. 193.

"It is evidently a necessary incident to the duty of conducting a suit or maintaining a defense for an infant that the next friend or guardian *ad litem* should have the power of selecting and employing counsel. But he has no power to bind the infant or his estate by contract as to the compensation to be paid." 14 Ruling Case Law, page 290.

The proper rule in cases like the present is that a guardian *ad litem* appointed to bring suit for an infant has power to employ and select counsel, but has no authority to contract with them in regard to their compensation; that the amount of compensation to be paid the attorneys is a question to be submitted to the court and determined by it in view of all the circumstances attending the particular case.

The case of *Schultheis v. Nash*, 27 Wash. 250, 67 Pac. 707, is cited by appellant. That case involved the authority of a general guardian and can have no application to the case at bar.

Appellant contends that, in the settlement with the minor, the respondent agreed to assume the burden of settling with appellants. We find no evidence in the record to sustain this contention.

From the view we have taken of the contract made by the minor and the guardian *ad litem*, it is unnecessary to consider the remaining contentions advanced by appellants. The only possible way in which appellants' claim could be sustained would be under their contract with the minor. That contract having been rendered a nullity by the acts of the minor, and the action of the guardian *ad litem* being regarded as absolutely void, there is nothing left on which to base appellants' claim.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and MORRIS, JJ., concur.