LAWRENCE *v.* BAXTER.

1. VENDOR AND PURCHASER—MINORS—RESCISSION.
   Contract for purchase of a house and lot for use by minor and his parents is not a contract for purchase of a necessity for a minor, hence the contract may be rescinded by him.

2. PARENT AND CHILD—HOME PROVIDED BY FATHER.
   The legal obligation to provide a minor with a home is upon the father with whom the child resides.

3. ASSUMPSIT — SET-OFF AND RECOUPMENT — MINORS — LAND CONTRACT PAYMENTS.
   In minor's action of assumpsit against vendor to recover payments made under land contract for purchase of house and lot, which contract had been forfeited by default and possession recovered in summary proceedings, rental value of such premises, occupied by minor and his parents as home, may not be set off, since right of action for use and occupation is not against the minor but the parent under obligation to furnish home for him.

4. SAME—LAND CONTRACT PAYMENTS—EVIDENCE.
   Parol evidence as to value of vacant lot, turned in as down payment by minor in his purchase of a house and lot on land contract *held*, admissible in minor's action against vendor for payments made thereon, instituted after vendor had forfeited contract for default and recovered possession of premises by summary proceeding.

5. SAME—MEASURE OF DAMAGES—INTEREST.
   In minor's action of assumpsit to recover payments made under land contract, theory of action is rescission and, since identical item of property constituting payment is not sought, plaintiff is entitled only to the fair value thereof; legal interest being chargeable on all payments made from date writ of restitution was issued vendor.

Appeal from Wayne; Campbell (Allan), J. Submitted April 21, 1936. (Docket No. 4, Calendar No. 38,498.) Decided June 4, 1936.

Assumpsit by Chester Lawrence, by his next friend, against Arthur C. Baxter for amount paid on land contract after rescission. From judgment for defendant, plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*James M. Cleary* (*Edward P. Echlin,* of counsel), for plaintiff.

*J. Charles Wood* (*Maxwell W. Benjamin,* of counsel), for defendant.

North, C. J. This suit in assumpsit was brought by his next friend in behalf of Chester Lawrence, an infant. On trial before the court without a jury, defendant had judgment. Plaintiff has appealed.

Defendant Baxter, through his agent, offered to sell a piece of real estate for $5,500 net. Defendant's agent entered into a contract with the minor with a recited consideration of $6,500. The down payment of $1,000 was made by the minor transferring to defendant's agent title to a vacant lot. The minor and his father and mother went into possession of the property purchased of defendant and occupied the residence thereon approximately 18 months. During this time the minor paid an additional $100 on the contract of purchase. Because of default in payment of contract installments, defendant gave notice of forfeiture and subsequently obtained possession by summary proceedings. Thereafter Chester Lawrence by his next friend instituted this suit for the recovery of what he had paid on the contract. Plaintiff's theory is that the vendee being an infant the contract was voidable and, therefore, he may rescind and recover.

The trial judge found that the reasonable rental value of the property during the time it was occupied by the minor and his parents exceeded the amount paid on the land contract, that this reasonable rental value should be set off or recouped against what the minor might otherwise recover, and in consequence thereof rendered judgment in favor of defendant. Appellant asserts that the trial court was in error in allowing the defense of set-off or recoupment. We think this contention must be sustained. Authority need not be cited in support of the uniform holdings that a minor may rescind a contract of this character. The contract for the house and lot was not for a necessity. The legal obligation to provide the minor with a home was upon his father, with whom he resided. If defendant is vested with a right to recover against anyone for the use and occupation of the premises, such right of action is against the father and not against the minor. Defendant could not recover from the minor for the use and occupation of the premises and, therefore, the value of such use and occupation cannot be asserted as set-off or recoupment in the suit brought in behalf of the minor. *Widrig* v. *Taggart,* 51 Mich. 103. It follows that the plaintiff in this case should recover in behalf of the minor, and the only question is the amount of such recovery.

Plaintiff and appellant contends that because the value of the vacant lot was fixed at $1,000 in the land contract the trial court was in error in receiving testimony as to the actual value of the vacant lot. This contention is on the theory that the terms of the written contract may not be varied by parol testimony. But in making such contention appellant overlooks the fact that plaintiff will recover, if at

all, on the theory of an abrogation or a rescission of the written contract. And further, plaintiff is not seeking in this action to recover the identical item of property—the vacant lot—but instead he seeks a money judgment therefor. In such a case the measure of damage on recovery is the fair value of the property. *Blahnik* v. *Small Farms Improvement Co.,* 181 Cal. 379 (184 Pac. 661); *Forrest* v. *Wardman,* 40 App. D. C. 520. In this case the testimony justifies the finding of the circuit judge that the reasonable value of the vacant lot was $250. As noted above, there were other payments on the land contract amounting to $100. Under this record plaintiff should have had judgment for $350.

For the reasons above indicated the judgment entered in the circuit court will be vacated and the case remanded with direction to enter judgment in favor of plaintiff and against the defendant in the sum of $350, together with interest thereon at the rate of five per cent. per annum from the 17th day of January, 1933.* Plaintiff will have costs of both courts.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.

---

* Date on which writ of restitution was issued.—REPORTER.