## BOYNTON *v.* WEDGWOOD.

1. INFANTS—DISAFFIRMANCE OF PURCHASE OF PROPERTY NOT A NECESSARY.

Generally, a minor upon attaining majority may disaffirm his purchase of property, not including necessaries, made during minority and recover the amount paid therefor while a minor.

2. SAME—DISAFFIRMANCE OF PURCHASE UPON REACHING MAJORITY—PAYMENTS FROM INCOME FROM PROPERTY.

A minor who purchases property, not a necessity, during minority, disaffirms the purchase upon reaching majority and returns the property to the seller is entitled to a return of the full sum paid, notwithstanding the minor may have made payments from receipts from the use or renting out of the property.

3. SAME—RENTAL OF REAL PROPERTY—FINDING—EVIDENCE.

Trial court's finding that plaintiff, who had purchased certain personal property from defendant while a minor had also paid a stated sum for rental of real property in connection therewith and was entitled to recovery thereof *held,* not against the clear preponderance of the evidence.

Appeal from Kent; Searl (Fred N.), J. Submitted June 6, 1956. (Docket No. 16, Calendar No. 46,771.) Decided September 4, 1956. Rehearing denied December 4, 1956.

Action by Lloyd A. Boynton against Gus R. Wedgwood to recover sums paid on minor's contract subsequently disaffirmed. Judgment for plaintiff. Defendant appeals. Affirmed.

*Uhl, Bryant, Slawson & Wheeler,* for plaintiff.

*Deeb, Dunn & Elferdink,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Infants §§ 34, 36.
[2] 27 Am Jur, Infants §§ 49, 50.
[3] 27 Am Jur, Infants § 52.

DETHMERS, C. J. This case has its genesis in the general rule that upon attaining majority one may disaffirm his purchase of property (not including necessaries) made during minority, and recover the amount paid therefor while a minor. Presented is the question whether plaintiff, upon such disaffirmance by him, may recover the full amount paid while a minor if any or all of it was received by him from others as rental for their use of the property. Holding in the affirmative, the court entered judgment accordingly for plaintiff. Contending to the contrary, defendant appeals and cites cases from other jurisdictions, such as *Rice* v. *Butler,* 160 NY 578 (55 NE 275, 47 LRA 303, 73 Am St Rep 703) ; and *Petit* v. *Liston,* 97 Or 464 (191 P 660, 11 ALR 487), to the effect that the amount recoverable must be reduced by the value of the use of the property enjoyed by the minor. Also cited is *Breed* v. *Judd,* 67 Mass 455. The Michigan case chiefly relied upon by defendant is *Thomas* v. *Banks,* 224 Mich 488, in which plaintiff was permitted to disaffirm and recover the amount he paid while a minor to defendant for an interest in a partnership, less the amount he had received from the partnership fund. Whether plaintiff's recovery should have been reduced by the amount received from the partnership appears not to have been the subject of controversy in that case, the court's holding having followed more or less as a matter of course from its adoption of the rule in *Sparman* v. *Keim,* 83 NY 245, in which plaintiff made claim only for the amount he had paid less the benefit received. In both cases, therefore, the court's crediting defendant with the amount of contract benefits received by plaintiff resulted from lack of contest on the question rather than from determination of the point on legal principles. Here, that point is the nub of the controversy. Application of the results in those cases to the instant one encounters the further difficulty,

pointed out by the trial court, that although the sums paid by plaintiff to defendant consisted of moneys received by plaintiff from others for use of the property in question, there is no showing that such sums represented a profit or benefit to plaintiff or anything over and above his expense in operating the business in which such property was used.

Plaintiff relies on *Reynolds* v. *Garber-Buick Co.,* 183 Mich 157 (LRA1915C, 362); and *Lawrence* v. *Baxter,* 275 Mich 587. In *Reynolds,* plaintiff, while a minor, purchased an automobile from defendant and used it for some time. Upon attaining majority he disaffirmed, returned the automobile, sued for and recovered the purchase price. This Court held that plaintiff was entitled to recovery of the amount paid without diminution for depreciation in value of the automobile when returned nor for the value of its use by the minor. In *Lawrence,* it was held that the benefit which a minor had enjoyed from the occupancy by him and his parents of real property he had purchased was not as to him a necessary, because the father and not the minor was legally obligated to furnish the latter with a home, and that, therefore, the mentioned benefit could not be set off by defendant seller against the plaintiff's right to recover the full amount of the purchase price paid by him while a minor. The holdings in those 2 cases apply here. In both, the property sold to the minor had been returned to the seller but he was allowed nothing for the depreciation in value thereof or for its use while in the minor's possession. In the instant case, the property has been returned to defendant, except for a portion which plaintiff had sold, the avails of which he paid to and defendant was permitted to retain under decision below. Had plaintiff paid for the property out of his own funds received from sources not related to the property, he would have been entitled, under *Reynolds* and *Lawrence,* to re-

cover the full sum thereof without credit to defendant in the amounts which plaintiff may have benefited in receipts from the use or renting out of the property. The fact that payment was made out of such receipts themselves rather than out of funds derived by plaintiff from other sources, presents a distinction without a difference insofar as applicable rules of law are concerned.

Included in the judgment allowed plaintiff was the sum of $350 he claimed to have paid defendant as rental for certain real estate used in connection with the operation of the business in which the above-mentioned personal property was used. Defendant denies receipt of such payment, but the court's finding of fact in that respect is not against the clear preponderance of the evidence.

Affirmed, with costs to plaintiff.

SHARPE, SMITH, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.