POLI v. NATIONAL BANK OF DETROIT.

1. INFANTS—VOIDABLE CONTRACTS—AFFIRMANCE.

Neither an infant nor his guardian has authority, during the continuance of infancy, to determine whether a minor's voidable contract shall be affirmed or annulled, such matter being for the infant's own decision when he arrives at maturity.

2. SAME—PURCHASE OF AUTOMOBILE—ENFORCEMENT OF CONTRACT—NOTICE.

A minor, during minority, may resist enforcement of his voidable contract to purchase a $2,700 automobile, made while he was 17 years of age, by recovery of value of repossessed automobile from bank as purchaser of purchase money chattel mortgage for value and without notice of plaintiff's minority, since the bank is chargeable with actions of those who negotiated the sale, where plaintiff did not deceive anyone by misrepresenting his age (CL 1948, § 691.531).

Appeal from Wayne; McCree, Jr. (Wade H.), J. Submitted October 10, 1958. (Docket No. 39, Calendar No. 47,928.)   Decided January 12, 1959.

Replevin by Bernardo Poli, next friend of Andrea Poli, against National Bank of Detroit, a national banking association, for automobile sold to minor and repossessed. Judgment for defendant in common pleas court. Money judgment for plaintiff in circuit court for value of automobile. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1]  27 Am Jur, Infants §§ 34, 38, 74, 75.
[2]  27 Am Jur, Infants § 38.

*Joseph A. Gillis (Donald J. Prebenda,* of counsel), for plaintiff.

*Colombo, Colombo & Colombo (Anthony A. Vermeulen,* of counsel), for defendant.

KELLY, J. On June 23, 1955, plaintiff, a minor, 17 years of age, purchased from the Funston Chevrolet Company an automobile for $2,773.37, paying therefor $120 cash, trading a used automobile for the agreed value of $623.37, and executing, to secure the balance of the purchase price, a purchase money chattel mortgage and note for $2,284.80, payable in 30 monthly instalments of $76.16 each. Said purchase money mortgage and note were indorsed and ·assigned to the defendant, National Bank of Detroit, on June 23, 1955, for value and without knowledge of plaintiff's minority.

Plaintiff made 5 payments upon said note and mortgage, paying defendant a total of $380.80. On January 8, 1956, plaintiff failed to make the required mortgage payment and was thereafter in default. On February 24, 1956, defendant repossessed said automobile and proceeded to foreclosure sale on March 15, 1956, at which time it was bid in and sold for $1,200.

Plaintiff's replevin action in the common pleas court for the city of Detroit, commenced on March 26, 1956, resulted in judgment for defendant. On appeal the circuit court reversed the judgment of the common pleas court and entered judgment for plaintiff for the value of the automobile in the sum of $1,250.

The trial court relied upon the early decision of this Court in *Corey* v. *Burton* (1875), 32 Mich 30, 32. In that decision Justice COOLEY stated:

"In this case, the lender of the money sought to enforce his mortgage by seizing the property while

the mortgagor was still under age. The mortgagor replevied it, and the court held in effect that the mortgagee in the replevin suit was entitled to judgment for the amount which the mortgage assumed to secure. Thus the contract which confessedly was at least voidable has been enforced against this infant, though she neither had affirmed it, nor as yet reached the age when affirmance by her was practicable. This was erroneous, and the judgment must be reversed with costs, and a new trial ordered."

Preceding the *Corey Case* by only a few months was our decision in *Dunton* v. *Brown,* 31 Mich 182, stating that neither an infant nor his guardian has authority, while the infancy continues, to determine whether a minor's voidable contract shall be affirmed or annulled, as this is a matter for his own decision when he arrives at maturity.

The 1875 *Corey* and *Dunton* decisions, *supra,* have not been reversed or repudiated in the following 80 years, as is evidenced by our 1956 decision in *Boynton* v. *Wedgwood,* 346 Mich 393, wherein we held that upon attaining majority a minor may affirm or disaffirm his contract and even recover the amount he paid therefor, even though he profited, during minority, by renting out the property he obtained during minority.

We are not dealing in this appeal on a minor's action to disaffirm, but on a minor's right to resist, during minority, enforcement of the contract.

To grant appellant's prayer of relief that "the judgment of the common pleas court for the city of Detroit dismissing plaintiff's action be affirmed, and that the judgment of the circuit court for the county of Wayne in favor of the plaintiff in the sum of $1,250, with costs, be reversed and set aside with costs" would be a decision by this Court that appellant had the same rights against a minor as it would have against an adult.

Appellant stresses that we must not change a shield into a sword, and in answer to that we quote from our 1956 decision (*Boynton* v. *Wedgwood, supra*) wherein we stated (p 395):

"Plaintiff relies on *Reynolds* v. *Garber-Buick Co.,* 183 Mich 157 (LRA1915C, 362); and *Lawrence* v. *Baxter,* 275 Mich 587. In *Reynolds,* plaintiff, while a minor, purchased an automobile from defendant and used it for some time. Upon attaining majority he disaffirmed, returned the automobile, sued for and recovered the purchase price. This Court held that plaintiff was entitled to recovery of the amount paid without diminution for depreciation in value of the automobile when returned nor for the value of its use by the minor. In *Lawrence,* it was held that the benefit which a minor had enjoyed from the occupancy by him and his parents of real property he had purchased was not as to him a necessary, because the father and not the minor was legally obligated to furnish the latter with a home, and that, therefore, the mentioned benefit could not be set off by defendant seller against the plaintiff's right to recover the full amount of the purchase price paid by him while a minor. The holdings in those 2 cases apply here."

The legislature did not express disapproval to the 1875 *Corey* and *Dunton* decisions, *supra.* The legislature for the first time expressed itself on this question in enacting PA 1941, No 123 (CL 1948, § 691.531 [Stat Ann 1957 Cum Supp § 27.683(1)]), entitled:

"An act relating to the defenses of minors in certain suits brought against them and of the disaffirmance of their contracts."

Section 1 of that act reads:

"Whenever, in any suit at law brought for the recovery of goods, wares, merchandise or chattels, or for the value thereof, or for the balance remaining due thereon, or upon any note or promise for the recovery of a loan of money, against any person who

shall plead as a defense to such suit that he was under age of 21 years at the time of purchase or loan thereof, such defense shall not be available if it shall appear upon the trial of the suit that the person against whom such action is brought willfully represented his age to be over 21 years to the seller or his assignee of such goods, wares, merchandise or chattels for the purpose of securing the same, or securing the loan of money, knowing the same to be false and that the seller had no knowledge of the actual age of such minor; nor shall such person upon attaining majority be permitted to disaffirm the contract of purchase or loan thereof, nor recover any money paid thereon: Provided, That such representation shall have been made in writing in a separate instrument containing only the statement of age, date of signing and the signature, or by admission in open court."

In this appeal we are dealing with a contract entered into between a sales agency and a 17-year-old boy purchasing a $2,700 automobile. No justification for this type of sale is offered by appellant.

No implication is made that the youth deceived by misrepresenting his age. The bank which bought the papers is chargeable with the actions of those who negotiated the sale. The sales company made no effort to protect itself under the statute above referred to. Because of the 1941 enactment we can see no reason to overrule the decisions of *Corey* and *Dunton, supra,* and the several other decisions following.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.