SEMMENS v. FLOYD RICE FORD, INC.

1. INFANTS—DISAFFIRMANCE OF CONTRACT.
    Generally, an infant, upon arriving at majority, may disaffirm his contract and obtain refund of the purchase price even though the property may have deteriorated with use.

2. COMMON LAW—DEFINITION.
    The common law is but the accumulated expressions of the various judicial tribunals in their efforts to ascertain what is right and just between individuals in respect to private disputes; and it is not immutable, but flexible, and upon its own principles adapts itself to varying conditions (Const 1908, sched § 1).

3. INFANTS—CONTRACTS—CLASSIFICATION AS VOID, VALID, OR VOIDABLE.
    An infant's contract, at common law, is void when necessarily prejudicial to his interest, valid when manifested for his benefit, and voidable only when of an uncertain nature as to prejudice or benefit.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 9]  27 Am Jur, Infants § 33 *et seq.*
[2]  15 Am Jur 2d, Common Law § 1.
[3, 5, 6, 8]  27 Am Jur, Infants §§ 11, 12.
[4, 7, 10]  27 Am Jur, Infants § 29.
Automobile or motorcycle as a necessary for infant.  78 ALR 392.

4. SAME—AUTOMOBILES—VOIDABLE CONTRACT.

The contract or purchase of a motor vehicle by an infant is a contract that is voidable in this State.

5. SAME—VOIDABILITY.

Generally, the contracts of an infant, whether executed or executory, are voidable at his election after attaining his majority, and not void, in the absence of a statute providing otherwise.

6. SAME—DISAFFIRMANCE.

An executed voidable contract of an infant is valid until disaffirmed.

7. SAME—AUTOMOBILES.

A minor may own an automobile; and if he is of sufficient age and judgment he not only has the legal ability to control its use and operation, but he is legally chargeable with that responsibility.

8. SAME—RESCISSION.

An infant's contract that was not invalid when made is not made void *ab initio* by rescission.

9. SAME—NUNC PRO TUNC—TORTS.

The fiction of relation whereby, to prevent injustice, an act done at one time is considered to have been done at some antecedent period, should not be utilized to make those who deal with an infant's property tort-feasors as of a time when they did no wrong.

10. SAME—AUTOMOBILES—FATAL ACCCIDENT—DISAFFIRMANCE OF PURCHASE.

Finding of Court of Appeals as a matter of law that vendor of automobile to infant, which was operated by another person at time of accident that inflicted fatal injuries upon plaintiff's decedent was not owner of the automobile at time of accident is made, where disaffirmance by the infant did not take place until afterward.

Appeal from Houghton; Brennan (Leo J.), J. Submitted Division 3 May 13, 1965, at Marquette. (Docket No. 97.) Decided September 20, 1965. Leave to appeal denied by Supreme Court January 6, 1966. See 377 Mich 695.

Complaint by Catherine M. Semmens, administratrix of the estate of Ann Catherine Mutter, against

Floyd Rice Ford, Inc., a Michigan corporation, for injuries sustained by decedent when struck by an automobile allegedly owned by defendant. Defendant's motion for summary judgment denied. Defendant appeals. Reversed and remanded.

*Wisti & Jaaskelainen (Andrew H. Wisti,* of counsel), for plaintiff.

*Messner & LaBine (Theodore Messner,* of counsel), for defendant.

Holbrook, J. George W. Knieser purchased from the defendant Floyd Rice Ford, Inc., a Michigan corporation and duly licensed automobile dealer, on March 19, 1960, a 1952 Ford for cash and received a duly assigned certificate of title to and the possession of said motor vehicle. At the time of his purchase, George W. Knieser was of the age of 19 years.

On October 23, 1960, as a result of being struck by said 1952 Ford automobile then being driven by Thomas Daniel Clark in the city of Hancock with the knowledge and consent of George W. Knieser, plaintiff's decedent was fatally injured.

On February 19, 1963, when of the age of 22 years, the owner, George W. Knieser, through his attorneys, wrote a letter to defendant giving notice of rescission of the sale of said automobile and demanded refund of the sales price.

On April 11, 1963, plaintiff commenced the present suit against defendant and alleged in her complaint that defendant "owned" the 1952 Ford automobile involved in the accident. Defendant filed a motion for summary judgment together with its affidavit as to its nonownership of the particular vehicle at the date of the accident. Plaintiff made answer to the motion and admitted that no genuine issue of

fact existed, but it was the public policy of this State to hold the automobile dealer responsible in the event that a minor purchaser, or operator with his permission, injures a third party, while driving such vehicle, and further alleging that defendant was the owner at all times material to this cause. The learned trial judge denied defendant's motion for summary judgment. Defendant appeals.

The main legal premise upon which plaintiff bases her position is that repudiation, disaffirmance, or rescission of a sale of an automobile by a minor after attaining his majority makes the sale void *ab initio*. She refers the Court to *Reynolds* v. *Garber Buick Co.* (1914), 183 Mich 157; *Brown* v. *Wood* (1940), 293 Mich 148; *Boynton* v. *Wedgwood* (1956), 346 Mich 393; *Poli* v. *National Bank of Detroit* (1959), 355 Mich 17. These are authority for the general rule of law that an infant upon arriving at majority may disaffirm his contract and obtain refund of the purchase price even though the property may have deteriorated with use. However, they do not go so far as to say that an infant's contract once repudiated makes the contract void *ab initio*.

The plaintiff further asserts that the common-law rules in regard to the rescission of sales to minors are applicable in the State of Michigan by reason of the Michigan Constitution of 1908, sched § 1, which provides:

"The common law and the statute laws now in force, not repugnant to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed."

The principle and apt definition of the common law is found in *Bugbee* v. *Fowle* (1936), 277 Mich 485, p 492:

" 'The common law is but the accumulated expressions of the various judicial tribunals in their efforts to ascertain what is right and just between individuals in respect to private disputes,' *Kansas* v. *Colorado,* 206 US 46, 97 (27 S Ct 655, 667, 51 L ed 956, 974),   *   *   *

'The common law is not immutable, but flexible, and upon its own principles adapts itself to varying conditions.' *Dimick* v. *Schiedt,* 293 US 474, 487 (55 S Ct 296, 79 L ed 603, 95 ALR 1150)."

In 27 Am Jur, Infants, § 11, p 753, dealing with the early common law concerning agreements of infants, it is stated in part as follows:

"According to an ancient rule of the common law, the agreements of infants were divisible into three classes—absolutely void, voidable, and valid. Such agreements were void when necessarily prejudicial to the interest of the infant, valid when manifested for his benefit, and, when of an uncertain nature as to prejudice or benefit, voidable only."

The contract or purchase of the motor vehicle qualifies as a contract that is voidable in the State of Michigan. *Reynolds* v. *Garber Buick Co., supra; Boynton* v. *Wedgwood, supra; Poli* v. *National Bank of Detroit, supra.*

Plaintiff refers the Court to 43 CJS, Infants, § 75 (f), p 176, which states as follows:

"The general rule, which has been said to have its exceptions and limitations, is that the disaffirmance of a contract made by an infant nullifies it and renders it void *ab initio,* and that the rights of the parties are to be determined as though the contract had not been made, the parties being restored to the *status quo.*"

No Michigan cases are listed under this statement of the law. Under the same title on pp 161–164 appears the following:

"The rules above stated do not mean that infants are absolutely incapable of contracting in the sense that all their contracts are absolutely void; their contracts have been said to be valid until disaffirmed. It has been laid down as a proper distinction, under what has been said to be the old common-law rule, that, where an infant's contract is to his benefit, it is good and binding on him, or, except where it is for necessaries, voidable, at his election when he comes of age; when it is to his prejudice, or not to his benefit, *it is void ab initio,* or he is not bound; and, when it is of an uncertain nature as to benefit or prejudice, *it is voidable* only at the election of the infant. However, it has been said that, under the modern rule, this classification is abandoned in favor of permitting the infant, when he has become of age, to determine what contracts are, and what are not, to his interest and liking. The general rule, ignoring the distinction above made, is that, with certain exceptions, * * * the contracts of an infant, whether executed or executory, are voidable, and such contracts of an infant *are voidable at his election* or option after attaining his majority, *and not void,* in the absence of a statute providing otherwise." (Emphasis supplied.)

See, also, *Brown* v. *Wood* (1940), 293 Mich 148 (127 ALR 1436). In 27 Am Jur, Infants, § 12, p 756, it is stated in part:

"An executed voidable contract of an infant is valid until disaffirmed."

See, also, 18 Am St Rep 575, 578, 672; 56 Am St Rep 51; 1 Williston, Contracts (Rev ed), § 231, p 688.

The principle of law enunciated that an executed voidable contract of an infant is valid until disaffirmed appears to be the law in Michigan as this Court understands it. We need only look to *Parks* v. *Pere Marquette Railway Co.* (1946), 315 Mich 38, p 44, where it is stated by Mr. Justice NORTH:

"A minor may own an automobile; and if he is of sufficient age and judgment he not only has the legal ability to control its use and operation, but he is legally chargeable with that responsibility."

Also, see *Shaler* v. *Reynolds* (1960), 360 Mich 688, 691; 27 Am Jur, Infants, § 6.

George W. Knieser was 19 years of age when he purchased the automobile for cash. He had a legal right to hold title to and own the automobile, and obtain an operator's license. As owner of such motor vehicle, he had the legal ability to control its use and operation and was legally chargeable with that responsibility.

In 31 ALR 995, the case of *Casey* v. *Kastel,* 237 NY 305 (142 NE 671) is reported and annotated. It involved conversion of a minor's stock and the effect of disaffirmance by the minor upon reaching majority, and Mr. Justice Pound very effectively states the law as follows (p 312):

"But the conversion does not relate back so as to make the entire transaction *void ab initio.* This the distinction between *void and voidable as applied to infants' contracts forbids.* The transfer of plaintiffs' certificate by Kastel was valid when made * * * *and is not made void ab initio by rescission.* Until the disaffirmance by the infant the authorized acts of the parties were not wrongful. The fiction of relation whereby, to prevent injustice, an act done at one time is considered to have been done at some antecedent period, should not be utilized to make those who deal with an infant's property tort-feasors *as of a time when they did no wrong.*

The disaffirmance is retroactive only to the extent that thereafter the parties who have taken or intermeddled the infant's property are placed in the same position as if the transaction had not been authorized. They are guilty of conversion if they then refuse or fail to make restitution." (Emphasis supplied.)

The defendant was not the owner of the motor vehicle at the time of the accident involving plaintiff's decedent.

Summary judgment for the defendant should have been granted, there being no cause of action stated in plaintiff's pleadings. Reversed and remanded, costs to appellant.

LESINSKI, C. J., and BURNS, J., concurred.