## Alanson H. Squier v. Frederick Hydliff.

A minor sued to recover compensation for labor. The defendant offered to prove that the labor was performed under and with knowledge of an agreement between defendant and an older brother of the minor (whose parents were dead), in pursuance of which and in payment for the labor the minor had been sent

to school, clothed, his washing and mending done, &c. *Held*, that the proposed evidence was competent, as the jury might have found from it that the minor had given his assent to the agreement, and was therefore bound by it when executed.

An agreement with a minor to give him board, clothing and schooling in payment for his labor, if reasonable under all the circumstances, or not so unreasonable as to be evidence of fraud or undue advantage, can not be repudiated by the minor after it has been executed.

*Heard October 15th and 16th.   Decided October 30th.*

Error to Washtenaw Circuit.

Hydliff, an infant, brought suit by his next friend against Squier, and declared for work and labor. Squier pleaded the general issue, and gave notice of set off, that said Hydliff was an orphan, destitute of the means of support, and he, Squier, furnished him board, clothing, washing, mending, schooling, medical attendance, and nursed him in sickness, and supported him during four years and three months, all of which was suitable to his condition — and that said Squier also furnished said Hydliff divers goods, wares and merchandize at his request, &c.

On the trial in the court below, the plaintiff had judgment for $115. The errors complained of on the trial sufficiently appear from the opinion.

*Seaman & Root*, for plaintiff in error, argued, that a contract clearly for the benefit of the infant, as this was (2 *Kent*, 242), was binding upon him: — 2 *H. Black.* 571; 2 *T. R.* 160; 3 *M. & S.* 497; 3 *B. & C.* 478. It is in fact a contract for the purchase of necessaries — that is, for all the necessaries included in his support for several years — payable in his labor and services; and the contract being fair, for his benefit, and fully executed on both sides, he could not avoid it, and recover for his work and labor on a quantum meruit. Protection to the infant requires that, where he has not been overreached in the contract, and it was not so unreasonable in itself as to raise a suspicion of fraud, and has been fully executed, he should not be permitted to repudiate it: — 13 *Pick.* 1; 1 *Gray* 455.

SQUIER v. HYDLIFF.

*H. J. Beakes,* for defendant in error:

An infant may recover a reasonable compensation for his services, though rendered under a special agreement as to price: — 19 *Pick.* 572; 2 *Pick.* 332; 3 *Green*, 343; 12 *Pick.* 110; 7 *Hill*, 110; 14 *Vt.* 405; 18 *Conn.* 337; 23 *Vt.* 268; 1 *Vt.* 273; 17 *Me.* 38; 9 *Met.* 57. He can not contract to pay even for necessaries so as to bar inquiry into their price and value: — 1 *Pars. on Cont.* 260, 268; 4 *Vt.* 149; 3 *Ind.* 537. Upon principle it can make no difference as to the infant's right to disaffirm a contract, whether it be executed or executory. Not being competent to contract, he is of course not competent to ratify or carry out the contract so as to conclude him during his minority: — See 6 *Mass.* 78; 26 *Ala.* 446; 9 *Ind.* 398; 15 *Ohio*, 156, 193. If an infant could be precluded from availing himself of the right to disaffirm an executed contract, his privilege and protection under the law would be of little value.

The execution of the contract on the part of the adult, and the enjoyment of its fruits by the infant, confessedly does not affect the right of the infant to disaffirm when the contract is executory on his part. No act of the adult, therefore, can affect the question. And it is equally clear that the infant will not be bound by his contract, though completely executed on his part, when it remains executory on the part of the adult. No ratification or performance on the part of the minor, therefore, can affect the minor's right.

The true question, where the contract has been exected on both sides, is, has the minor received adequate compensation? If he has, then, unless he has returned the consideration received, he can not of course maintain his action. In such a case it may be said, in not very precise or accurate language, that the contract is allowed to stand. It is allowed to stand, however, not because of any validity in the contract, but because the remedy under

SQUIER v. HYDLIFF.

the *quantum meruit*, and under the contract, is precisely the same thing, and therefore there is no object in disturbing the contract. But if the consideration is inadequate and can not be returned, then the measure of his redress is the difference between the value of his services and the consideration received.

MANNING J.:

It has, we believe, always been held that a minor might bind himself by contract for necessaries, and that such contract when executed, if reasonable under all the circumstances, or not so unreasonable as to be evidence of fraud or undue advantage, can not be repudiated by him. We know of no decision holding a contrary doctrine.

From the bill of exceptions, it appears that when the defendant in error went to live with and work for the plaintiff in error, he was fourteen years of age, and that his parents were dead; and that during the four years he remained with the plaintiff in error and assisted him in working his farm, the plaintiff in error not only boarded him and furnished him a home in his family, but clothed him, did his washing and mending, sent him to school, took care of him in sickness, and on one or more occasions furnished him with spending money. And that on the trial in the court below, he offered to prove these things had been done by him for the services of the defendant in error, and in pursuance of a previous agreement between him and an older brother of the defendant in error The evidence was rejected, and in this the court erred The defendant in error was not bound by the agreement made with his brother, if he did not act under it. But if he knew of such agreement, and in pursuance of it went to live with the plaintiff in error, as the latter offered to prove, it would have been evidence from which the jury might have found a like agreement between him and the plaintiff in error, or that he had given his assent to,

and therefore was bound by, the agreement made with his brother.

The court also erred in charging the jury that the agreement set up was not binding on the defendant in error, if he saw fit to repudiate it.

As the agreement with the brother was not admitted in evidence, the jury must have understood the court as, in effect, charging that if such an agreement was made by the defendant in error himself, and had been executed by him, he was still at liberty to repudiate it. We do not think this is law; but that an agreement made by a minor for necessaries, so far as it has been executed by the parties, is binding on the minor, under the qualifications already stated, and can not thereafter be repudiated by him.

The judgment must be reversed, with costs, and a new trial ordered.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J.:

I concur in the opinion of my brother Manning. It is essential to the protection of infants that they should be bound by contracts of this kind after they have been executed; and this idea of protection lies at the basis of the whole law of infancy. Should the law recognize the right of repudiation in such cases, no man could furnish the infant with the necessaries of life in compensation for his services, without the risk of a lawsuit ; and the minor, though able and willing to earn his support, would often be deprived of the opportunity, and driven, perhaps, to vagrancy or crime.