FREDERICK SPICER v. JUNE T. EARL.

*Infant's liability on his executed contract.*

An infant cannot repudiate an executed contract for his services even though not exclusively for necessaries, if it was apparently fair and reasonable and the other party did not know of his infancy. But he can abandon the service when he pleases, or ask for new terms, and he is bound only so far as he executes the contract without dissent.

Where an infant seeks to repudiate an executed contract for services the question for the jury is whether an unfair advantage was taken of him rather than the question of his subsequent affirmance.

If an infant continues under a contract of service after he becomes of age without demanding increased wages, it is evidence of his affirmance of the contract.

Where a master notifies his servant that he will hereafter .pay him less, and the servant continues work without notifying his master that he will claim more, it constitutes a new arrangement.

Error to Eaton. Submitted June 5. Decided June 17.

Assumpsit. Defendant brings error.

*I. H. & John M. Corbin* for plaintiff in error. An infant's executed contract for necessaries binds him if not so unreasonable .as to indicate fraud or undue advantage, *Squier v. Hydliff*, 9 Mich., 274; *Randall v.. Sweet*, 1 Den., 460; if an infant continues under a contract after he becomes of age, he affirms it, *Forsyth v. Hastings*, 1 Williams (Vt.), 646; *State v. Dimick*, 12 N. H., 194; 2 Greenl. Ev., § 367 and notes; an infant must affirm or reject the whole contract; he cannot retain that which benefits him and reject the rest, Chitty on Cont., p. 153, n.; *Bigelow v. Kinney*, 3 Vt., 353; *Richardson v. Boright*, 9 Vt., 368; *Morrill v. Aden*, 19 Vt., 505.

*Wood & Kenney* and *E. A. Foote* for defendant in error.

Cooley, J. Earl sued Spicer to recover for services as a miller. The services commenced July 5, 1877, and continued until May 14, 1878. Earl claims to have been an infant until March 8, 1878. He however made the contract of service on his own behalf, and it does not appear that Spicer knew he was under age. When Earl left the service of Spicer in May, the parties attempted to settle, but failed. Earl claimed that the contract between the parties had been that he was to be paid one dollar a day for his services, and to have his board. Spicer admitted that this was the first arrangement, but claimed that it had been subsequently changed and the wages reduced. Earl had had his board for the whole period, and some payments in money, and there is noth-

ing in the record to indicate that he had at any time repudiated the contract as he understood it. On the contrary, he seems to have. continued to work under it for more than two months after he came of age, and only dissented from it after the failure to settle. He then brought suit on a *quantum meruit.*

The circuit judge instructed the jury that if the plaintiff was an infant when he made the contract of service, he was not bound by it, and could collect the value of his services for the time he worked, unless he had affirmed it after coming of age; and he submitted it to the jury to determine whether anything had been done by him after coming of age by way of affirming or ratifying. The verdict indicates that the jury gave the plaintiff what they believed was the value of his services, and disregarded the contract.

The principle laid down in the case of *Squier v. Hydliff*, 9 Mich., 274, governs this case. It was there held that an infant was bound by his executed contract of service if it was reasonable under all the circumstances, or not so unreasonable as to be evidence of fraud or undue advantage. It is true the contract in that case was one for necessaries exclusively, while this was for necessaries only to the extent of the board; but the fact that something more was to be paid to the infant is not very important. Family servants and many others are commonly employed on the same terms as was this infant. It would be absurd as well as mischievous that the right to disaffirm should depend on the circumstance that the employer was to pay something besides the servant's support. It was well said by Justice Christiancy in the case mentioned that "it is essential to the protection of infants that they should be bound by contracts of this kind after they have been executed; and this idea of protection lies at the basis of the whole law of infancy. Should the law recognize the right of repudiation in such cases, no man could furnish

:an infant with the necessaries of life in compensation for his services without the risk of a lawsuit; and the minor, though able and willing to earn his support, would often be deprived of the opportunity, and driven, perhaps, to vagrancy and crime."

No better illustration of the truth of what is here said can be had than this case presents. This infant was upwards of twenty years of age when he hired out his services, and there is no pretense that he did not understand the current wages, or act with entire independence in making his bargain. There is no reason to suppose he was overreached. If the employer testifies to the truth, his business was entirely unremunerative, and the employment was more likely a favor to the employed than to the master. Had the latter understood that he was subject to the liability, after the labor had been performed, to be called upon to pay for it any price that might be made out on the judgment of others, he would have refused to employ the infant at all; and the latter would have gone without employment—or at least without wages—because any one who should promise him more than the necessaries of life might be compelled to pay an indefinite price to be fixed afterwards by a jury, with costs in addition. Prudent men would not give employment under such circumstances, especially at a time when labor is not at all in demand, and when employment at anything more than one's board is often a matter of kindness and favor. Such a time has been within the experience of many persons within the last five or six years.

It is a harsh rule which permits the infant to repudiate his contract after he has executed it, where no advantage has been taken of him, and where the party dealing with him was not aware of his infancy. Where only the infant's services are in question, the rule should not be extended beyond what is absolutely necessary to proper protection; it should not be allowed to become a trap for others, by means of which the infant may

perpetrate frauds.—If a contract for service is apparently fair and reasonable under the circumstances, the infant who has performed it should be held to its terms, and if he attempts to repudiate it, the attention of the jury should be directed to the question whether or not an unfair advantage has been taken of him, instead of their being required to find a subsequent affirmance. So long as the employer who is acting in good faith is not notified of any dissent, he has a right to understand that his responsibility is measured by his agreement. On the other hand, the infant may abandon the service when he pleases, or stipulate for any new terms he may see fit to demand and can procure assent to. He is bound by the terms of the contract so far as he executes it without dissent, but no further.—But we have no hesitation in saying that if evidence of affirmance of the contract were required, the jury ought to have found it in this case in the fact of the service being continued without demand for increased wages after the infant came of age.

Whether the wages were reduced or not by the action of the parties is a question on which they disagreed, and which must go as a disputed fact to another jury. Spicer testified that he found he could not afford to pay wages as originally agreed, and notified Earl that if he continued in his employ he should pay thereafter only ten dollars a month, and that Earl continued to work for him without notifying him that he should claim more. If the jury should find this to be the fact, it would constitute a new arrangement, and the recovery should be limited accordingly.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.