THOMAS v. BANKS.

1. INFANTS — CONTRACTS — PARTNERSHIP — RESCISSION—RIGHT OF INFANT TO RECOVER WITHOUT SHOWING FRAUD.

Where plaintiff was induced, during his minority, to purchase a half interest in a losing partnership business, he was entitled, on reaching his majority, to rescind said contract and recover back what he had paid less what he had received from said partnership, and it was not necessary, in order for him to recover, to show that he was induced to enter said partnership by fraudulent representations.

2. SAME—DISSOLUTION OF PARTNERSHIP—RES ADJUDICATA.

Where the suit was first begun in chancery (221 Mich. 147), the order of the court below dissolving the partnership and transferring the case to the law side of the court was not res adjudicata of the present case.

Error to Wayne; Moynihan (Joseph A.), J.    Submitted July 14, 1923.    (Docket No. 140.)    Decided October 1, 1923.

On right of infant to disaffirm contract or conveyance entered into before his majority, see note in 51 L. R. A. (N. S.) 28.

Assumpsit by Robert Thomas against Oliver H. Banks for money paid under a partnership agreement made during plaintiff's infancy.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*C. Henri Lewis, Jr.,* and *Cecil L. Rowlette,* for appellant.

*Ben C. Hughes,* for appellee.

BIRD, J.    Plaintiff sued defendant to recover money which he had paid to him to purchase a half interest in his café in the city of Detroit.    Plaintiff had a verdict at the hands of a jury in the sum of $1,745. Plaintiff made proof on the trial that at defendant's solicitation he purchased a half interest in his café on the representation that it was making money and would be a good investment for him.    After assisting in operating the café about two months plaintiff discovered it was a losing proposition.    On the ground that he was a minor when he made the contract he rescinded it when he became of age and brought suit to recover the amount he had paid defendant.

1. Defendant requested the court to charge the jury that:

"The law is that where an infant has paid money into a copartnership in consideration of being admitted into said copartnership, and has there remained for any length of time, he cannot recover the money so paid in said copartnership, unless he was induced to enter said copartnership by fraudulent representations."

This request was refused by the trial court.    It appears to be supported by some of the cases.    It is said in Cyc.:

"An infant may become a partner with an adult, but the partnership agreement is voidable at the election of the infant, although it is not void, and is binding

upon the adult partner.    Where an infant has paid money in consideration of being admitted as a partner in a business, and he has become a partner and remains so for a certain time, he cannot recover back the money thus paid unless he was induced to enter into the partnership by fraudulent representations." 22 Cyc. p. 585.

To this text is cited the case of *Adams* v. *Beall*, 67 Md. 53 (8 Atl. 664, 1 Am. St. Rep. 379), and is fully supported by the holding in that case.

The facts involved in the case cited are similar to those in the present case.    This rule has not, however, been generally accepted by the State courts, although many have done so where the contract as a whole was a beneficial one to the minor.

In *Dunton* v. *Brown*, 31 Mich. 182, this court considered the question whether a minor could become a partner.    It held that an infant's partnership agreement was not void but voidable.    The question involved here whether an executed contract during infancy is binding on the minor after he reaches his majority was left undecided.    The court, in closing the opinion, said:

"If the agreement was not void, then it precludes the right to repudiate it and substitute in its place a contract by implication entirely repugnant, and which no one ever contemplated.    And it is also worthy of consideration whether, inasmuch as the partnership business continued and ended before suit and before majority, it does not come within the rule which protects executed contracts in many cases.    *Squier* v. *Hydliff*, 9 Mich. 274.    Without deciding what may happen when the infant reaches majority, we think it impossible to sustain an implied assumpsit now against the terms of the only agreement ever made, which was certainly not a nullity."

See *Spicer* v. *Earl*, 41 Mich. 191 (32 Am. Rep. 152).

In commenting on the rule cited from Cyc., R. C. L. has this comment:

"In the effort to find a line of distinction which would prevent the infant from using 'his shield as a sword' or using his privilege in such a way as to do injustice to the other party, it has been held in a few American cases, following an early English case, that if an infant had executed the contract in question by the payment of money, he could not recover back the money so paid after he had received the consideration, and when he was unable to put the other party *in statu quo*. It is evident, however, that the mere payment of money should not be the controlling factor; and that there is no sound reason to hold that an infant could recover back real estate or chattels, but not money, and the above rule has, therefore, been generally disapproved. According to the rule adopted by a number of authorities, and which seems to do justice to both parties, protecting the infant from being overreached and at the same time not opening to him a door for fraud, if the contract was a fair one and beneficial to the infant so that he has been permanently benefited by the consideration received, although that consideration is not now in his hands in specie, he cannot avoid the contract and recover the consideration which passed from him, or its value, unless he puts the other party *in statu quo*. This view seems rational and fair, but it is not universally accepted; and in many cases the infant has been permitted to do serious injustice to the adverse party by rescinding a fair and equitable contract of which he had already received the substantial benefits." 14 R. C. L. p. 240.

We are inclined to the rule followed in *Sparman v. Keim*, 83 N. Y. 245, on the ground that it is the better rule and more in keeping with the former holdings of this court with reference to infants' contracts. In the New York case plaintiff was a minor when he became a partner of defendant in a decorating business, on the representation that it was a paying business. Subsequently learning it was a losing business plaintiff rescinded and demanded the amount he had invested to become a partner. Suit was after-

wards brought and plaintiff recovered. In affirming the judgment the court of appeals said, in part:

"Almost all of the contracts of an infant are voidable and liable to be rescinded. This contract was of that character. (Citing cases.) The infant avoided it as he had a right to do. The proof shows that he had received no benefit of it except the sum of $112.69, which, on the trial, he said had been paid him out of the business, and which he offered to restore by deducting it from his claim, and asking judgment only for the balance with interest. He, therefore, both alleged and proved a good cause of action on contract."

The contract in the present case was not a beneficial one to the plaintiff. It appears to have been a losing business when he entered it. Under the rule in *Sparman* v. *Keim, supra,* plaintiff was entitled to recover what he had paid defendant less what he had received from the copartnership fund. In this view the trial court was right in refusing to give defendant's request.

2. Plaintiff first began his suit in chancery. This suit was transferred to the law side of the court. This action was affirmed by this court on mandamus (221 Mich. 147). Before transferring the case the partnership was dissolved and defendant argues that the order dissolving the partnership is *res adjudicata* of the present case. The court, in making this order, did nothing more than plaintiff himself had already done. If he were an infant when the contract was made he had a right to dissolve it when he reached his majority, just as he did do. No order was made in the chancery case which would in any way be a barrier to the proceedings in this case.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.