PAYETTE v. FLEISCHMAN.

1. INFANTS—VOIDABILITY OF CONTRACTS.
   An infant's contract, with certain exceptions, is voidable.

2. SAME—TORTS—CAPACITY.
   Generally an infant is liable for his torts provided he possessed the capacity, mental or physical, or both, requisite to the commission of the tort with which he is charged.

3. SAME—TORTS—CONTRACTS.
   If the tort with which an infant is charged is so connected with his contract that the commission of the tort constitutes a breach of the contract or if the tort is predicated on a transaction with the infant based on a contract, so that holding the infant liable in tort would in effect enforce a liability arising out of his contract, the infant cannot be held liable for the tort since he cannot be held *ex contractu*.

4. SAME—TORTS—CONTRACTS.
   An injured party is not permitted to enforce against the infant indirectly by an action in tort a liability which he could not enforce directly against the infant by an action based upon contract.

5. SAME—TORTS—PERSONAL ACT.
   A tort must be an infant's own personal act in order to hold him liable.

6. SAME—TORTS—RESPONDEAT SUPERIOR.
   An infant is not liable for a tort upon the doctrine of *respondeat superior*.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Infants, § 12.
[2, 5–8] 27 Am Jur, Infants, §§ 90, 91.
[3, 4] 27 Am Jur, Infants, § 92.
[3, 4] Infant's liability in tort for own act, or right to recover for another's tort, as affected by its connection with infant's contract. 127 ALR 1441.
[5–8] Liability of infant for torts of his employee or agent. 103 ALR 487.

7. SAME—TORT OF AGENT OR SERVANT.
    An infant is not liable for torts committed by his agent or servant as the appointment of the agent or servant is not binding on the infant.

8. SAME—OPERATION OF BUSINESS—APPROVAL OF PROBATE COURT— TORTS OF EMPLOYEE.
    Operation of business by attorney-in-fact for guardian of defendant infant, pursuant to approval of the probate court, did not impose liability upon infant for the tort of an agent injuring plaintiff's house and furnishings incident to contract of purchase of linoleum from the business so conducted, where it appears the infant did not participate in, direct, control or supervise the business nor the employee in question, was not present at and had no connection with the work being done or the accident.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 3, 1950. (Docket No. 4, Calendar No. 44,791.) Decided December 5, 1950.

Case by George P. Payette and others against Lawrence Fleischman and others for damages resulting from negligently caused explosion. Case dismissed on motion. Plaintiffs appeal. Affirmed.

*McCallum & Pacernick,* for plaintiffs.

*Elijah G. Poxson, Jr.,* and *Arthur H. Rice (George Stone,* of counsel), for defendants.

DETHMERS, J. Defendant Lawrence Fleischman, a minor, was the owner of a business operating under the registered assumed name of Pontiac Carpet & Linoleum Company. The business was operated by defendant Arthur Fleischman as attorney-in-fact for the minor's guardian, defendant Arthur H. Rice, as authorized by an order of the probate court. Plaintiffs George and Nora Payette contracted for the purchase of linoleum and its installation in their

home by the company. An employee of the latter, while engaged in such installation, negligently broke a valve at the gas meter, permitting gas to escape, become ignited and explode with resultant damage to the Payette home and furnishings. The infant defendant did not participate in and had no direction, control or supervision over the operation of the business nor over the employee in question, was not present at and had no personal connection with the work being done nor the accident.

This suit for recovery of the damages was brought against the minor defendant, his guardian and the latter's attorney-in-fact. The trial court dismissed the suit against the guardian and his attorney-in-fact on the ground that the statute of limitations had run against them. Plaintiffs do not question the correctness of the trial court's order in that regard. The court also dismissed the suit against the infant defendant.

The controlling question presented by plaintiffs' brief is whether the minor is liable for the mentioned damages. Plaintiffs cite *Lothrop* v. *Duffield*, 134 Mich 485, as holding in the affirmative. We do not so read that case.

Defendants rely on *Brown* v. *Wood*, 293 Mich 148 (127 ALR 1436). In that case the infant defendant contracted to transport certain persons for hire in his automobile. While transporting them he became involved in an accident, injuring his passengers. This Court held the defendant not liable, saying:

"The controlling question is whether under the circumstances of this case the defendant Archie Wood, being a minor and the accident having occurred while the minor plaintiffs were passengers in his automobile being carried for a consideration, can be held liable in this tort action.

"It is elementary that an infant's contract, with certain exceptions not here involved, is voidable.

And as a general rule an infant is liable for his torts provided he possessed the capacity, mental or physical or both, requisite to the commission of the tort with which he is charged. 1 Cooley on Torts (4th ed), p 194 *et seq.,* § 66. But it is also a general rule that if the tort with which an infant is charged is so connected with his contract that commission of the tort constitutes a breach of the contract, or if the tort is predicated on a transaction with the infant based upon contract, so that holding the infant liable in tort would in effect enforce a liability arising out of his contract, then, since the infant cannot be held *ex contractu,* he cannot be held liable for his tort. The injured party is not permitted to enforce against the infant indirectly by an action in tort a liability which he could not enforce directly against the infant by an action based upon contract."

In 27 Am Jur, Infants, § 90, it is said:

"The tort must be the infant's own personal act. He is not liable upon the doctrine of *respondeat superior.* Upon the ground that an infant's appointment of an agent or servant is not binding upon him, it is uniformly held that an infant is not liable for torts committed by his agent or servant."

See, also, *Covault* v. *Nevitt,* 157 Wis 113 (146 NW 1115, 51 LRA NS 1092, Ann Cas 1916A 959); *Robbins* v. *Mount,* 27 NY Super Ct 553 (4 Robt [NY] 553, 33 How Pr [NY] 24); *Burns* v. *Smith,* 29 Ind App 181 (64 NE 94); *Johnson* v. *Turner,* 319 Ill App 265 (49 NE2d 297); 103 ALR 487; *Lowery* v. *Cate,* 108 Tenn 54 (64 SW 1068, 57 LRA 673, 91 Am St Rep 744); *Armitage* v. *Widoe,* 36 Mich 124.

Plaintiffs concede that the general rule is as last above indicated, but contend that an exception should be made here because the operation of the business by the guardian's attorney-in-fact was previously approved by order of the probate court. We are cited to and aware of no authority holding that the

order of the probate court could have the effect of rendering the infant defendant liable, as principal, for the tort of an agent.

Affirmed, with costs to defendants.

Boyles, C. J., and Reid, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.