**Ruth MOBLARD and Albert V. Moblard, Plaintiffs,**

v.

**Gerald L. KLIPPENSTEIN, John R. Klippenstein, individually and dba Klippenstein Implement Company, and David Lintemuth, jointly and severally, Defendants.**

**Civ. A. No. 4552.**

United States District Court
W. D. Michigan, S. D.

March 17, 1965.

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., William G. Reamon, Grand Rapids, Mich., of counsel, for plaintiffs.

Luyendyk, Hainer, Hillman, Karr & Dutcher, Grand Rapids, Douglas W. Hillman, Grand Rapids, of counsel, for defendants Klippenstein.

Cholette, Perkins & Buchanan, Grand Rapids, Grant J. Gruel, Grand Rapids, of counsel, Doyle, James & Dark, Kalamazoo, J. William Dark, Kalamazoo, of counsel, for defendant Lintemuth.

FOX, District Judge.

This action arises out of an automobile accident which occurred on January 27, 1961. Defendant Klippenstein was driving a group of skiers from Wheaton College, in Illinois, to Boyne Mountain, Michigan, in connection with a trip planned and approved by the Wheaton College Ski Club, of which Klippenstein was a member. All passengers were to contribute to the costs of the transportation, so that Klippenstein would be reimbursed for the expenses of driving the group north.

Plaintiff Ruth Moblard was not a member of the Club, but was taking advantage of the opportunity to participate in a relatively inexpensive weekend of skiing. At the time of the accident, defendant Klippenstein was twenty years of age, having been born on August 22, 1940.

On July 24, 1961, Klippenstein executed a notice of disaffirmance by reason of minority of any contract or agreement which may have existed at the time for transportation for hire or payment, and copies were mailed by registered letter to all who had been passengers in his vehicle at the time of the accident.

This action was commenced in August 1963, alleging negligence on the part of Klippenstein, and joining his father in the action, since the car was purchased by him and registered in the name of Klippenstein Implement Company. Defendant Lintemuth, the driver of the other vehicle involved in the accident, was also made a party to the suit. By answer, the defendants Klippenstein alleged as an affirmative defense the disaffirmance and now move for a summary judgment on the grounds of the disaffirmance, and also on the grounds that plaintiff was a guest within the meaning of the Michigan "guest statute," M.S.A. 9.2101 [Comp. Laws 1948, § 257.401, Pub.Acts 1949, No. 300].

Plaintiff contends that the disaffirmance is invalid, since made during the period of minority, and also claims that the contribution for expenses takes plaintiff out of the "guest" category and makes her a passenger for payment.

Plaintiff also presumes to maintain suit under a theory of agency, claiming that the operation of the automobile by the Klippenstein youth was an act of agency for the Klippenstein Implement Company, and also that the boy was an agent of his father under the "family purpose" doctrine.

The agency theory is erroneous for two reasons. First, as to the Klippenstein Implement Company, the activity is entirely unrelated to any business activity of the company.

"An agent is a 'business representative whose function is to bring about, modify, affect, accept per-

formance of, or terminate contractual obligations between his principal and third persons'." 1 Mich. Law and Practice 304, § 1.

Plaintiff asserts that during the Christmas vacation the automobile was used for business purposes and under her theory it apparently follows that since the car remained registered in the name of the company, any operation of the car can be connected with the business. Agency assumes a principal on behalf of whom the agent acts, and there can be little nexus between a ski trip taken by the son of the owner of a small implement business and the actual business itself. In addition, there is no showing that plaintiff believed, or had any reason to believe, that there was any sort of an agency relationship.

■■ Secondly, under the agency theory as related to the family purpose doctrine, the case law refutes the contention of the plaintiff. Liability of the owner is not dependent on any theory of agency law; it depends wholly on the statute. The leading case on this point is Moore v. Palmer, 350 Mich. 363, 86 N.W.2d 585. There is no attempt to deny that the family purpose doctrine is applicable in this case, but before the liability of the owner of the automobile can be asserted, the negligence of the driver must be established, and that cannot be reached until the status of the plaintiff in the car is determined.

Two questions are then presented, the resolution of which will decide the outcome of the motion:

1. Which state's law governs the contractual arrangement in this case?

2. Once the proper law is applied, what is the effect of the disaffirmance executed by Klippenstein?

■ Ordinarily, the validity and construction of a contract with respect to the rights and obligations created thereby are governed by the law of the place where the contract is made. M. W. Zack Co. v. R. D. Werner Co., 222 F.2d 634

(CCA6, Mich.); Sheerin v. Steele, 240 F.2d 797, cert. den. 353 U.S. 938, 77 S.Ct. 816, 1 L.Ed.2d 760 (CCA6, Mich.).

In the present case, the contract was apparently made in Illinois, and the Federal Courts in Michigan apply Michigan conflicts law, which gives effect to contracts according to the law of the jurisdiction in which they were made. M. W. Zack Co. v. R. D. Werner Co., supra.

■■ The Illinois law on disaffirmance by an infant of contracts made during minority seems to permit an effective disaffirmance by the infant during either minority or majority, Wuller v. Chuse Grocery Co., 241 Ill. 398, 89 U. E. 796, 28 L.R.A.,N.S., 128, although the statement of that case deals only with contracts concerning personal property and executory agreements.

The cases which plaintiff cites in her brief purport to uphold the position that a disaffirmance before attainment of majority is invalid. Shepherd v. Shepherd, 408 Ill. 364, 97 N.E.2d 273, and Dixon National Bank of Dixon v. Deal, 5 Ill. 2d 328, 125 N.E.2d 463, deal with attempts to disaffirm after majority, and are concerned with what constitutes a reasonable period within which to assert this disaffirmance. Both state that a minor *can* disaffirm after attaining majority, but neither one considers the exact question decided in the Wuller case, and Dixon cites Wuller, so the rule that disaffirmance is valid when exercised during minority is apparently still good law in Illinois, and the disaffirmance in the present case must be held to be effective.

The Court is confronted with a decision by the highest court of the State of Michigan, which considered a situation virtually identical with the one in contest here. Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436 (1940), involved a high school student who had agreed to transport classmates back and forth from school for seventy-five cents per week. He was involved in an accident and the passengers sued for damages, claiming that they were passengers for hire and not subject to

the provisions of the "guest statute." The Michigan Supreme Court, North, J., held that to allow the suit in tort would be to give effect to the contract for hire, which the driver had disaffirmed through his guardian, and the court therefore refused to allow the suit. The case has been cited with approval in Payette v. Fleischman, 329 Mich. 160, 45 N.W.2d 16, and followed in Tennyson v. Kern, 76 S.D. 136, 74 N.W.2d 316 (1956).

Under the settled rule of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this Court is compelled to apply the rule of the Brown decision and grant the motion for summary judgment.[1]

An order may be entered in accordance with this opinion.

---

[1] However, the Court feels that it should be noted that Justice Cooley, the eminent jurist of the Michigan Supreme Court, and respected text writer (cited in the opinion of Brown v. Wood, supra) held, in the case of Spicer v. Earl, 41 Mich. 191, 1 N.W. 923, that an infant is bound by his *executed* contract of *service*, if such contract is, under all the circumstances, reasonable, or not so unreasonable as to evidence fraud or undue advantage. A consideration important to the mind of this Court is that in such situations the policy protecting infants from overreaching is honored and the distinction between infant's contracts for services and those for goods and intangibles is recognized. For in the latter situation, restitution is almost always possible, so that an attempt can be made to place the respective parties in the status quo before the contract was entered into. However, in the area of service contracts, the infant's services, inasmuch as they are executed are not returnable, and the disaffirmance avoids not the contract, but the performance itself.