POKRIEFKA *v.* MAZUR.

1. INFANTS—LIABILITY FOR TORT ARISING OUT OF CONTRACT—GUEST PASSENGER.
   A minor agreeing to transport passengers in her automobile for hire cannot be held liable for ordinary negligence, since to hold her liable for such negligence would indirectly enforce a contract obligation which she has a right to avoid (CLS 1961, § 257.401).

2. SAME—DISAFFIRMANCE OF CONTRACT—TIME.
   Plaintiff's contention that defendant's daughter did not disaffirm within a reasonable time her contract to transport plaintiff for hire in her father's automobile *held*, not supported by the record, there having been filed a notice of disaffirmance by defendant's minor daughter some 16 months prior to her 21st birthday.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 February 8, 1966, at Detroit. (Docket Nos. 696, 697.) Decided June 28, 1966. Leave to appeal granted by Supreme Court August 25, 1966. See 378 Mich 730, 379 Mich 348.

Complaints by Rose Mary Pokriefka on behalf of herself and as guardian of Margaret Pokriefka, a minor, against Frank Mazur to recover damages for injuries to Margaret Pokriefka sustained while

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Infants §§ 48, 92.
   Infant's liability in tort for own act, or right to recover for another's tort, as affected by its connection with infant's contract. 127 ALR 1441.
[2] 27 Am Jur, Infants § 38 *et seq.*

she was a passenger in defendant's automobile. Complaints dismissed. Plaintiff appeals. Affirmed.

*Markle & Markle (Fergus Markle,* of counsel), for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl (John R. Secrest,* of counsel), for defendant.

J. H. GILLIS, P. J. Plaintiff Rose Mary Pokriefka commenced the instant actions on July 30, 1962, on behalf of herself and as guardian of Margaret Pokriefka, a minor, against the defendant as owner of an automobile involved in an accident and operated by defendant's daughter. The minor Margaret Pokriefka was injured when the defendant's automobile, in which she was a passenger, ran into the rear of another automobile on the Edsel Ford expressway in Detroit.

At the time of the accident, on February 27, 1962, the plaintiff's minor and defendant's daughter were on their way home from classes at Marygrove College in Detroit.

The two girls were 18 years old at the time of the accident and pursuant to an agreement between themselves, plaintiff's daughter had paid defendant's daughter $2 a week for daily transportation to and from school. The complaint in each case alleged ordinary negligence rather than gross negligence and relied on the theory that since plaintiff's daughter had paid for the ride the guest act* did not apply.

At trial, defendant's daughter, then 21 years old, was called to testify, whereupon she stated she desired to disaffirm the contract. A tender of $22 was made to plaintiff and witnessed by the court.

---

* CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

The court then dismissed plaintiff's case on the basis of the holding in *Brown* v. *Wood* (1940), 293 Mich 148 (127 ALR 1436).

This Court considers itself bound by the ruling of the Supreme Court in *Brown, supra,* and feels that the case is dispositive of the issues herein. A reading of the *Brown Case* will reveal substantially similar facts and issues.

Plaintiff's contention that the contract was not disaffirmed within a reasonable time after reaching majority is not well taken since a notice to that effect was filed in circuit court approximately 16 months prior to the 21st birthday of defendant's daughter.

Affirmed. Costs to appellee.

FITZGERALD, J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.