## POKRIEFKA v. MAZUR.

Opinion of the Court.

1. Infants—Executed Contracts—Service—Voidability.
   An infant is bound by his executed contract of service if such contract is, under all the circumstances, reasonable, or not so unreasonable as to evidence fraud or undue advantage.

2. Same—Transportation Agreement—Infant Driver—Passenger for Hire.
   Transportation agreement between passenger and automobile driver, both 18-year-old girls, by which passenger paid driver $2 a week for daily transportation to and from college, *held,* a reasonable agreement, making passenger a passenger for hire.

---

References for Points in Headnotes
[1–3] 27 Am Jur, Infants § 10 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 1009.
[5, 6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 571 *et seq,* 584.

3. SAME—DRIVER FOR HIRE—DISAFFIRMANCE—OVERRULED CASES.

Disaffirmance by minor driver, after accident in which her passenger for hire was injured, of transportation agreement by which minor driver agreed to transport minor passenger to and from college for $2 a week, *held,* ineffective to change the status of minor passenger for hire at the time of accident, overruling *Brown* v. *Wood,* 293 Mich 148.

4. COSTS—OVERRULED CASES.

No costs are allowed on appeal by plaintiff from dismissal, based on existing case law, of complaint, in which Supreme Court overrules existing case law, reverses, and remands for trial.

SEPARATE OPINION.

BLACK and O'HARA, JJ.

5. AUTOMOBILES—OWNER—STATUTORY LIABILITY.

*Automobile owner's statutory vicarious liability to persons injured by the operation of his motor vehicle while driven by someone else arises and becomes fixed at the time of the injury by operation of the statute, and cannot be terminated by the act of a minor driver in attempting to terminate the driver's own common-law liability (CLS 1961, § 257.401).*

6. SAME—OWNER'S LIABILITY—MINOR DRIVER.

*Automobile owner's statutory vicarious liability to plaintiff passenger for hire in owner's car driven by his minor daughter became fixed at the time of an accident in which the passenger was injured, and could not thereafter be terminated by the attempt of the driver to disaffirm the contract of carriage for hire, whatever effect that attempt might have on liability of the minor driver (CLS 1961, § 257.401).*

Appeal from Court of Appeals, Division 1; J. H. Gillis, P. J., and Fitzgerald, J., affirming Wayne, Fitzgerald (Neal), J. Submitted April 11, 1967. (Calendar No. 1, Docket Nos. 51,538, 51,539.) Decided July 21, 1967.

3 Mich App 534, reversed.

Complaints by Rose Mary Pokriefka on behalf of herself and as guardian of Margaret Pokriefka, a minor, against Frank Mazur to recover damages for

injuries to Margaret Pokriefka sustained while Margaret was a passenger in defendant's automobile. Complaints dismissed. Judgment affirmed by Court of Appeals. Plaintiff appeals. Reversed, and remanded for trial.

*Markle & Markle,* for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl (John R. Secrest,* of counsel), for defendant.

*Amici Curiae: Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for reversal.

*Luyendyk, Hainer & Karr (Stephen W. Karr* and *G. Anthony Edens,* of counsel), for affirmance.

KELLY, J. The facts and issues involved herein are so well and concisely stated in the opinion of the Court of Appeals, 3 Mich App 534–536, that we quote that opinion in its entirety:

"Plaintiff Rose Mary Pokriefka commenced the instant actions on July 30, 1962, on behalf of herself and as guardian of Margaret Pokriefka, a minor, against the defendant as owner of an automobile involved in an accident and operated by defendant's daughter. The minor Margaret Pokriefka was injured when the defendant's automobile, in which she was a passenger, ran into the rear of another automobile on the Edsel Ford expressway in Detroit.

"At the time of the accident, on February 27, 1962, the plaintiff's minor and defendant's daughter were on their way home from classes at Marygrove College in Detroit.

"The two girls were 18 years old at the time of the accident and pursuant to an agreement between themselves, plaintiff's daughter had paid defendant's daughter $2 a week for daily transportation to and from school. The complaint in each case

alleged ordinary negligence rather than gross negligence and relied on the theory that since plaintiff's daughter had paid for the ride the guest act[1] did not apply.

"At trial, defendant's daughter, then 21 years old, was called to testify, whereupon she stated she desired to disaffirm the contract. A tender of $22 was made to plaintiff and witnessed by the court. The court then dismissed plaintiff's case on the basis of the holding in *Brown* v. *Wood* (1940), 293 Mich 148 (127 ALR 1436).

"This Court considers itself bound by the ruling of the Supreme Court in *Brown, supra,* and feels that the case is dispositive of the issues herein. A reading of the *Brown Case* will reveal substantially similar facts and issues.

"Plaintiff's contention that the contract was not disaffirmed within a reasonable time after reaching majority is not well taken since a notice to that effect was filed in circuit court approximately 16 months prior to the 21st birthday of defendant's daughter.

"Affirmed. Costs to appellee."

In *Brown* v. *Wood* (1940), 293 Mich 148 (127 ALR 1436), this Court held that defendant's disaffirmance of his contract to carry plaintiff for hire made plaintiff a guest passenger because "holding the infant liable in tort would in effect enforce a liability arising out of his contract, then, since the infant cannot be held *ex contractu,* he cannot be held liable for his tort. The injured party is not permitted to enforce against the infant indirectly by an action in tort a liability which he could not enforce directly against the infant by an action based upon contract. * * * From our review of this record we are unable to conceive how the tort aspect of these actions can be separated from the contractual relation which these minor plaintiffs entered into with the minor defendant."

---

[1] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

We cannot agree with appellant that the facts and issues in *Brown* v. *Wood* can be distinguished from the instant case and, therefore, we devote the remainder of this opinion to consideration of appellant's request that we overrule the *Brown Case*.

Appellant urges that we overrule *Brown* v. *Wood* because:

(a) This is a tort action and the only relation the contract bears to the suit is to establish the status of the parties at the time of the accident;

(b) Margaret Pokriefka was a paying passenger in defendant's automobile when the accident occurred and this Court should apply and follow our decision in *Shumaker* v. *Kline*, 333 Mich 346, where we held that the status is determined at the outset of the host-passenger relationship and is not subject to change on the basis of subsequent events;

(c) The fact that a contract is involved should not enable the minor driver to avoid liability for his torts and this principle of law is widely accepted, as evidenced by 27 Am Jur, Infants, § 92, p 815, stating:

"The mere fact that a cause of action grows out of or is connected with a contract will not shield an infant from liability for a tort which is not a mere breach of the contract, but is a distinct wilful and positive wrong in itself."

(d) While this Court has recognized the minor's right to revoke executory contracts and contracts for the sale or purchase of goods, chattels, and real estate when such contracts are not necessities, we have held a definite contrary view in regard to a minor's right to revoke an executed contract for personal services since our 1879 decision in *Spicer* v. *Earl*, 41 Mich 191 (32 Am Rep 152), where we held (p 193):

"The principle laid down in the case of *Squier* v. *Hydliff,* 9 Mich 274, governs this case. It was there held that an infant was bound by his executed contract of service if it was reasonable under all the circumstances, or not so unreasonable as to be evidence of fraud or undue advantage."

(e) The quotation from 1 Cooley on Torts (4th ed), § 66, p 204:

"But if the tort is subsequent to the contract, and not a mere breach of it, but a distinct, wilful and positive wrong of itself, then, although it may be connected with a contract, the infant is liable,"

is applicable to the instant case because the contract was in fact performed, and appellant does not base her case on any failure to exercise the high degree of care urged by a carrier of passengers for hire to the passenger being carried;

(f) Margaret Pokriefka never accepted the status of guest and she sustained her injuries as a passenger for hire. In *Hunter* v. *Baldwin,* 268 Mich 106, 109, we said:

"On the other hand, not everyone riding in a car without payment is a guest."

This quotation was cited with approval in *Hall* v. *Kimball,* 355 Mich 333, 335. Also, in *Hunter* we made the point (p 109) that: "This statute [guest act], being in derogation of the common law, must be strictly construed," and in *Moore* v. *Palmer,* 350 Mich 363, 390, we held:

"The owner liability statutes [now CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101)] were aimed at situations in which the common law was helpless. While they were not passed as a substitute for the common law, they were adopted to complement the common law."

(g) The *Brown* v. *Wood* decision has never under similar facts been approved or cited as authority for decision in this or any other State.

We quote the following from defendant and appellee's brief as a summation of his position in regard to the *Brown* v. *Wood Case:*

"Plaintiff-appellant claims that the holding in *Brown* v. *Wood, supra,* was erroneous in two respects. It is urged that the *Brown Case* was not based upon the voidable contract; rather it was based upon his status at the time of the accident and that revoking the contract did not affect the status. This argument is answered in the South Dakota case of *Tennyson* v. *Kern,* 76 SD 136 (74 NW2d 316). * * *

"Justice Cooley states that the law will not permit the plaintiff to enforce a contract with a minor indirectly by counting on the infant's neglect to perform it or omission of a duty under it as a tort. The Oregon supreme court case of *Steenson* v. *Robinson* (1964), 236 Or 414 (389 P2d 27), as cited by plaintiff-appellant, completely overlooked this reasoning as set forth in the *Tennyson Case.*

"Plaintiff-appellant also claims that the Supreme Court in *Brown* v. *Wood, supra,* erred in assuming that, if plaintiff were not a paying passenger, she would be *ipso facto* a guest passenger. As in the case at bar, the sole claim of plaintiff was that plaintiff was a paying passenger. The *Tennyson Case, supra,* and Michigan cases have recognized that there are certain situations where a passenger may be something other than a guest; however, this is not the case at bar, inasmuch as the sole issue raised by plaintiff was whether or not the plaintiff had paid for the ride. It should further be noted that in the case at bar the trial court gave plaintiff a chance to amend her claim and she declined to do so.

"In summary, it is submitted that the case of *Brown* v. *Wood, supra,* should not be overruled,

inasmuch as this reasoning is sound, as shown in *Tennyson* v. *Kern, supra;* and, further, plaintiff-appellant has claimed that plaintiff was a passenger for hire in his [sic] opening statement and in his [sic] statement of facts to this court and, therefore, that was the only claim before the trial court."

Quotations from the brief of *amicus curiae* in support of defendant's position concerning *Brown* v. *Wood* follow:

"If later and more recent decisions are to be discussed and reviewed as bearing on the propriety and authority of *Brown* v. *Wood,* the case of *Payette* v. *Fleischman,* 329 Mich 160 (1 NCCA 3d 71), must be brought forth. In *Payette,* although it arose from circumstances different from those in *Brown* v. *Wood,* the Supreme Court, in an opinion written by Justice DETHMERS, quoted the *Brown* decision extensively and approved it by application in that case.

"A case decided by the supreme court of Oregon is cited by appellants as being 'critical' of *Brown* v. *Wood.* It rather clearly appears, however, that the so-called criticism is unfounded and the result of the same narrow analysis of the *Brown Case* as was applied by appellants. Appellants quote the court as saying, in part:

" 'The status of the parties exists quite apart from the enforceability of their contract.'   *   *   *

"*Brown* v. *Wood* has not existed since 1940 in a vacuum. It has been cited and discussed by numerous courts. While it has been 'criticized' by the Oregon supreme court, it has also been strongly approved and relied on by other courts. See *Moblard* v. *Klippenstein* (1965), 239 F Supp 274, and *Tennyson* v. *Kern,* 76 SD 136 (74 NW2d 316)."

The only case called to our attention, or produced by our research, that would refute appellant's claim that *Brown* v. *Wood* has never under similar facts been approved or cited as authority for decision in this or any other State, is the case cited by *amicus*

*curiae* above, namely, the United States district court decision[2] where the court stated (pp 276, 277):

"The court is confronted with a decision by the highest court of the State of Michigan, which considered a situation virtually identical with the one in contest here. *Brown* v. *Wood* (1940), 293 Mich 148 (127 ALR 1436), involved a high school student who had agreed to transport classmates back and forth from school for 75 cents per week. He was involved in an accident and the passengers sued for damages, claiming that they were passengers for hire and not subject to the provisions of the 'guest statute.' The Michigan Supreme Court, NORTH, J., held that to allow the suit in tort would be to give effect to the contract for hire, which the driver had disaffirmed through his guardian, and the court therefore refused to allow the suit. The case has been cited with approval in *Payette* v. *Fleischman,* 329 Mich 160 (1 NCCA 3d 71), and followed in *Tennyson* v. *Kern* (1956), 76 SD 136 (74 NW2d 316).

"Under the settled rule of *Erie R. Co.* v. *Tompkins,* 304 US 64 (58 S Ct 817, 82 L ed 1188), this court is compelled to apply the rule of the *Brown* decision and grant the motion for summary judgment."

This opinion carried the following important footnote:

"However, the court feels that it should be noted that Justice COOLEY, the eminent jurist of the Michigan Supreme Court, and respected text writer (cited in the opinion of *Brown* v. *Wood, supra*) held, in the case of *Spicer* v. *Earl,* 41 Mich 191 (32 Am Rep 152), that an infant is bound by his *executed* contract of *service,* if such contract is, under all the circumstances, reasonable, or not so unreasonable as to evidence fraud or undue advantage. A consideration important to the mind of this court is

---

[2] *Moblard* v. *Klippenstein* (WD Mich, 1965), 239 F Supp 274.

that in such situations the policy protecting infants
from overreaching is honored and the distinction
between infant's contracts for services and those for
goods and intangibles is recognized.  For in the
latter situation, restitution is almost always possible,
so that an attempt can be made to place the respec-
tive parties in the status quo before the contract
was entered into.  However, in the area of service
contracts, the infant's services, inasmuch as they
are executed are not returnable, and the disaffirm-
ance avoids not the contract, but the performance
itself."

The *Payette* v. *Fleischman* case referred to in the
above United States district court decision involved
the question whether the infant defendant, who
operated a business, could be held liable as principal
for the tort of his agent in laying linoleum in plain-
tiff's home.

The South Dakota decision, *Tennyson* v. *Kern,*
referred to above, was overruled April 4, 1967, when
the South Dakota supreme court in *Friedhoff* v.
*Engberg,* 82 SD 522 (149 NW2d 759), approved the
decision in Oregon's *Steenson* v. *Robinson* (1964),
236 Or 414 (389 P2d 27).  The South Dakota court
held that an 18-year-old minor, whose employment
status was not in dispute at the time an authorized
passenger was injured, may not, after his negligent
conduct has caused damages, disaffirm his employ-
ment agreement so as to change the status of a pas-
senger to that of a guest and by so doing avoid lia-
bility for his negligent acts.  Holding that once the
carrier-passenger relationship has been established,
the status exists quite apart from the enforceability
of the contract of employment, the court said (149
NW2d 762):

"To permit the infant to use the doctrine of dis-
affirmance here to relieve him of his personal tort
for which he is otherwise liable would be an exten-

sion of the guest statute we cannot sanction. We
hold an 18-year-old minor may not, after his neg-
ligent conduct has caused damages, disaffirm his em-
ployment agreement so as to change the status of
a passenger to that of guest."

The *Steenson* v. *Robinson* decision repudiated
*Brown* v. *Wood,* stating (pp 422, 423):

"The trial court relied upon *Brown* v. *Wood*
(1940), 293 Mich 148 (127 ALR 1436). Defendant
asks this court to approve that decision and to hold
that in Oregon an infant may engage to transport
a passenger for hire and then, after an accident, dis-
affirm his engagement and stand upon his right to
avoid contracts as a method of avoiding tort liabil-
ity. This we decline to do.  *  *  *

"Whether or not an infant passenger can avoid his
promise to pay a carrier for transportation, or an
infant carrier can avoid a promise to transport, once
the carrier-passenger relationship comes into being
the carrier owes a duty to exercise due care. The
status of the parties exists quite apart from the
enforceability of their contracts."

The 1959 Kansas supreme court decision in *Ehr-
sam* v. *Borgen,* 185 Kan 776 (347 P2d 260), con-
sidered a similar case where the trial court upheld
the minor's right to disaffirm, relying upon our
*Brown* v. *Wood* decision. The supreme court dis-
regarded our *Brown* decision, stating that the facts
of agreement to transport differed from the facts in
their case, but in reversing the trial court held con-
trary to *Brown* v. *Wood,* as follows (pp 779, 780):

"There can be no question but what our guest
statute was passed in order to cure certain well-
known evils that existed prior to its passage, and
that it was passed for the purpose of protecting the
owner or operator of an automobile. By the same
token, the guest statute should not be extended be-
yond correction of the evils which it may be assumed

were the motivating reasons for its enactment, and, certainly, it was never intended to create a greater evil than that which it attempted to correct. It may be noted that the statute applies to any owner or operator of a motor vehicle and makes no exception as to minors. The statute is plain and clearly reveals that if such owner or operator, whether adult or minor, transports his guest without payment, then such owner or operator shall not be liable in damages for injury to the guest, unless the owner or operator is guilty of gross and wanton negligence. However, if such owner or operator accepts payment or benefits from the passenger, then the act has no application (*Sparks* v. *Getz,* 170 Kan 287 [225 P2d 106]), and this is true whether the owner or operator is an adult or a minor. * * *

"In the instant case, defendant, by the share-the-ride agreement, accepted payment from plaintiff by way of benefits received and plaintiff thereby became a passenger for payment in defendant's vehicle, with the result that the guest statute was no longer available to defendant as a defense. It is clear that in passing the guest statute the State legislature established the policy of protecting the owner or operator of an automobile, whether adult or minor, from liability for damages under certain specified conditions. It is not the purpose of the act to furnish to the owner or operator of an automobile an escape route for his common-law negligence in carrying passengers for payment. In using a trite expression, we may say that our guest statute was passed to serve as a shield, and not as a sword, for the owner or operator of an automobile.

"In view of what has been said, the case of *Brown* v. *Wood, supra,* relied on by the trial court, has no application to the facts in this case and it follows that the judgment of the trial court is reversed."

Considering all that has been set forth above, we hold that the transportation agreement in the instant case was a reasonable agreement and that

Margaret Pokriefka was a passenger for hire and that defendant's driver's disaffirmance did not change that status. We are overruling *Brown* v. *Wood* and remanding for trial. No costs.

DETHMERS, C.J., and T. M. KAVANAGH, ADAMS, and BRENNAN, JJ., concurred with KELLY, J.

BLACK, J. (*concurring*). As against the trial court's somewhat hasty judgment that plaintiff take nothing by her suit, the record thus far made would justify a jury's finding that Miss Mazur, the driver of defendant's car with his knowledge and consent, was causally negligent.[1] It would also justify a jury's finding that plaintiff was *not* at the time of accident a guest passenger within the proviso which, by PA 1929, No 19,[2] was added to currently applicable section 401 of the motor vehicle code (CLS 1961, § 257.401 [Stat Ann 1960 Rev § 9.2101]). That status of the record called for a judicial determination that the trial should proceed to verdict no matter the fact or legal effect, if any, of Miss Mazur's subsequent tender of $22 and contention of disaffirmance.

The defendant owner's *statutory* liability to plaintiff—it was exclusively vicarious—arose and became fixed at the time of the aforesaid accident by operation of said section 401. The language of section 401 has from its inception (see CL 1915, § 4825) left no room for thought that the *owner's* liability—his statutory liability distinguished from the common-law liability of the driver of his motor vehicle

---

[1] The second entitled action being derivative, all references to "plaintiff" will be to plaintiff Margaret Pokriefka.

[2] PA 1929, No 19, amended PA 1915, No 302, § 29 (CL 1929, § 256.29 [Stat Ann § 9.1446]), repealed by PA 1949, No 300, § 921 (CLS 1961, § 257.921 [Stat Ann 1960 Rev § 9.2621]). The repealed section was re-enacted as PA 1949, No 300, § 401.—REPORTER.

—might be terminated by some subsequent and separate act of such driver.

Let us consider the precise language of the applicable portion of said section 401 as same stood on the date of plaintiff's injuries as alleged (February 27, 1962):

"Sec. 401. * * * The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family."

I agree with Justice KELLY that *Brown* v. *Wood*, 293 Mich 148 (127 ALR 1436) should be overruled. That case (it stands alone; see *Smith* v. *Lawrence Baking Company*, 370 Mich 169, 177, 178) was poorly considered and is contrary to the better reasoning of the authorities our Brother has reviewed in his opinion. I insist nonetheless that *Brown* v. *Wood* has never rightfully enjoyed consideration for possible application to the case at bar. *Brown* v. *Wood* brought up for review separate judgments against the defendant owner-operator. He was liable directly as well as vicariously. No question of his liability under the owner-liability statute was considered by the Court. Here we must consider that question, the defendant owner having been neither driver, nor minor, nor present in his car.

I hold that defendant's liability to plaintiff became fixed by operation of section 401 regardless of Marilyn Mazur's subsequent tender and effort to terminate her own liability.[3] She may indeed have succeeded in releasing herself by tender and declaration of disaffirmance; a question we need not determine. But she did not because she could not, in the face of section 401, effect by such tender and declaration a release of her father's statutory liability.

I concur in reversal and remand for entry of order directing vacation of both circuit court judgments. Appellants should have costs of both appellate courts.

O'Hara, J., concurred with Black, J.

Souris, J., did not sit.

---

[3] After submission of this case all parties, including counsel *amicus*, were permitted to file briefs in response to these Court-posed questions:

"1. Defendant having admitted ownership of the car driven by his minor daughter, and having admitted that she was driving the car with his knowledge and consent, would he not be liable under the statute to plaintiff for causal ordinary negligence of his daughter no matter whether the daughter did or did not subsequently disaffirm whatever contract she and the plaintiff passenger had agreed upon?

"2. Upon the same premises, does not the owner liability statute render the owner liable as in the body (not proviso) thereof set forth whether or not the driver is immune, for some legal reason, from liability?"