Ruth MOBLARD and Albert Moblard, Plaintiffs-Appellants,

v.

Gerald L. KLIPPENSTEIN etc., et al., Defendants-Appellees.

No. 16596.

United States Court of Appeals Sixth Circuit.

Nov. 15, 1967.

William G. Reamon, Grand Rapids, Mich. (Marcus, McCroskey, Libner, Reamon, Williams & Dilley, by William G. Reamon, Grand Rapids, Mich., on the brief), for appellants.

G. Anthony Edens, Grand Rapids, Mich. (Luyendyk, Hainer & Karr, by Stephen W. Karr, G. Anthony Edens, Grand Rapids, Mich., on the brief), for appellees.

Before O'SULLIVAN, Circuit Judge, CECIL, Senior Circuit Judge, and BOYD,* Senior District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Michigan, Southern Division, 239 F.Supp. 274, granting summary judgment to the defendants Gerald L. Klippenstein and John R. Klippenstein, etc., on plaintiffs' first cause of action.

In the first cause of action, Ruth Moblard and her father, Albert V. Moblard, seek to recover damages from the defendants, Klippenstein and David Lintemuth, by reason of injuries sustained by Ruth Moblard in a collision between the automobile driven by Gerald Klippenstein, in which she was a passenger, and an automobile driven by David Lintemuth. Both Ruth Moblard and Gerald Klippenstein were minors and were students at Wheaton College in Illinois. It is alleged in the complaint that Ruth Moblard was a passenger for payment in the car of Gerald Klippenstein.

Several students from Wheaton College arranged to have a skiing party at Boyne Mountain, Michigan, over the weekend of January 27, 1961. Ruth Moblard agreed to pay Gerald Klippenstein twelve dollars for transportation for the round trip between Wheaton College and Boyne Mountain. The collision in which Ruth Moblard was injured occurred in Michigan en route to Boyne Mountain on the morning of January 27th.

The drivers of both automobiles were charged with common law negligence

---

* Honorable Marion S. Boyd, Senior District Judge, Western District of Tennessee, sitting by designation.

proximately causing the injuries to Ruth Moblard. Gerald Klippenstein sought to disaffirm his contract with Ruth Moblard for transportation while he was still a minor. Under Michigan law (Section 9.2101 M.S.A., Comp.Laws Supp.1961, § 257.401) Gerald Klippenstein would only be liable for gross negligence or wilful and wanton misconduct, if Ruth Moblard were a guest passenger in his car.

■ In sustaining the motion for summary judgment, the trial judge relied on Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436. This case involved a student who had agreed to transport his classmates back and forth to school for seventy-five cents a week. An action was brought against the student driver while he was still a minor. The Court held that to allow the suit in tort would be to give effect to the contract for hire, which the driver had disaffirmed through his guardian at the trial. The Court ruled that the action would not lie.

In a recent decision, Pokriefka v. Mazur, 379 Mich. 348, 151 N.W.2d 806, the Supreme Court of Michigan overruled Brown v. Wood, supra. There the Court held that a transportation agreement for payment created a passenger for hire relationship and that a minor driver's disaffirmance did not change that relationship.

■ This Court sua sponte raises the question of whether the order appealed from is a final order and appealable. (Section 1291, Title 28, U.S.C.) We are strongly of the view that the order is not a final order in conformity with Rule 54 (b) of the Federal Rules of Civil Procedure.

The judgment of the District Court is vacated and the case is remanded to the District Court with instructions for the trial judge to reconsider his decision in the light of Pokriefka v. Mazur, supra.